10093

STATE v. QUINN ET AL.

(97 S. E. 62.)

1. SEARCHES AND SEIZURES — INTOXICATING LIQUOR — SEIZURE.— Where police officers discover unconcealed whiskey in automobile without making search therefor, and the whiskey is being unlawfully transported, seizure of whiskey under act February 18, 1914 (28 St. at Large, p. 754), sec. 2, without warrant to seize, is not violative of Const., art. I, sec. 16, having been made without search.

2. ARREST—WITHOUT WARRANT — INTOXICATING LIQUOR.—Where police officers discover unconcealed whiskey in automobile without making a search therefor, and liquor is being unlawfully transported, an arrest, under act February 18, 1914 (28 St. at Large, p. 755), sec. 3, of the occupants of the automobile without warrant is not violative of Const., art. I, sec. 5, protecting citizens from unlawful arrest, the occupants having been discovered in the act of violating law against transportation of liquor.

3. SEARCHES AND SEIZURES — INTOXICATING LIQUORS—"SEARCH."—Where policemen in automobile, upon being stopped at railroad crossing by passing freight train, saw unconcealed intoxicating liquor in another car that had likewise been stopped, and upon such discovery arrested occupants of the car, the liquor was not discovered by means of a search in violation of Const., art. I, sec. 16, no force having been used; a search implying invasion and quest, which implies either actual or constructive force.

4. CRIMINAL LAW — MOTION FOR DIRECTED VERDICT — ADMISSIONS.—A motion for a directed verdict is in its nature a demurrer to the evidence, and therefore quasi admission of the truth of the evidence.

5. SEARCHES AND SEIZURES—SEIZURE WITHOUT WARRANT—INTOXICATING LIQUOR.—Act February 18, 1914 (28 St. at Large, p. 754), sec. 2, empowering police officers to seize without warrant alcoholic liquors in the possession of any person for unlawful use is not violative of search and seizure clause of Constitution (Const., art. I, sec. 16), where the liquor is seized without the necessity of a search. ·

6. CONSTITUTIONAL LAW—DUE PROCESS—ARREST WITHOUT WARRANT.— Act February 18, 1914 (28 St. at Large, p. 755), sec. 3, authorizing arrest without warrant for freshly committed crime, is not violative of due process clause of Constitution (Const., art. I, sec. 5), where persons are arrested after being discovered in act of violating law.

Before SMITH, J., Greenville, Fall term, 1917.    Affirmed.

R. L. Quinn and others were convicted of unlawfully transporting liquor, and they appeal.

The following are the exceptions:

(1) That his Honor erred in refusing to direct a verdict of not guilty, when the undisputed testimony showed that the evidence upon which the defendants were arrested and convicted was obtained by an unlawful search of the persons and property of the defendants without due process of law.

(2) Because his Honor erred in refusing to direct a verdict of not guilty, when the undisputed testimony showed that the defendants were stopped, their persons and property forcibly searched under the authority of neither an arrest or search warrant, and without due process of law, and when it was admitted by the officers that the arrest was made only after evidence procured·by such unlawful search.

(3) That his Honor erred in that he charged upon the facts of the case in violation of section 26, art. V of the Constitution of 1895, by the following statement in the presence of the jury: "There is testimony offered in this case to show—now, Mr. Foreman and gentlemen, I don't say it shows, to show—that the witnesses, or rural policemen of the county of Greenville, and, of course, the law invests them with the power and authority governing such officers, that upon information communicated to them they went out for the purpose of finding the defendants in this

case; that the defendants were in an automobile drunk on
the public highway, and at the time running their automobile
in excess of the legal rate of speed; that as soon as the oppor-
tunity was presented they made a search of the automobile
in question, and found the liquor which has been offered in
evidence, consisting of two quarts, and a quart bottle about
half full.     Whereupon, they were arrested and taken to jail.

(4) That his Honor erred in charging the jury that the
law governing the conduct of rural policemen for Greenville
county was as contained in section 2 of an act passed in
1914 (Acts of 1914, page 754), which reads as follows:
"*Duty to Patrol County.*—That it shall be the duty of the
said rural policemen, under the direction of the chief, to
patrol and police the county, and to prevent or detect offenses
against the crimnal law, and prosecute all persons for viola-
tion of the crimnal law of every kind, making arrests upon
their own initiation, as well as upon complaint or informa-
tion, and to seize without warrant, and hold all alcoholic
liquors in possession of any person for unlawful use, and
* * * if such action be begun and the judgment of the
Court be adverse to the plaintiff, then such liquors shall be
destroyed publicly by the chief of rural police, and such rural
policemen shall report all their acts, and all known or sus-
pected violations of criminal law to the chief, who shall make
such reports, and give such information as may be requested
by the solictor, the grand jury or the legislative delegation
of said county"—since said section is in violation of section
5, art. I of the Constitution of South Carolina of 1895, and
of section 1, art. XIV of the amendments to the United
States Constitution, and of section 16, art. I of the Consti-
tution of South Carolina of 1895.

(5) That his Honor erred in charging the jury that the
law governing the conduct of rural policemen for Greenville
county was as contained in section 3 of an act passed in 1914
(Acts of 1914, page 755), which reads as follows: "That
said policemen shall have authority for any freshly com-

mitted crime, to arrest without warrant, and said policemen shall, while pursuing a criminal, or suspected criminal, have authority to make arrest, or arrests, in incorporated cities and towns, and in pursuit of the criminal to enter homes, or break therein, whether in their own county or in an adjoining county; and they shall have authority to summon the *posse comitatus* to assist in enforcing the laws, and any person who shall fail to respond and render assistance, when so summoned, shall be guilty of misdemeanor, and, upon conviction, shall be punished by imprisonment for not exceeding thirty days, or fine of not exceeding one hundred ($100) dollars"—since said section is in violation of section 5, art. I of the Constitution of South Carolina of 1895, and of section 1, art. XIV of the amendments to the United States Constitution, and of section 16, art. I of the Constitution of South Carolina of 1895.

(6) Because the Court erred in not granting defendants a new trial upon the grounds of motion for a new trial as set forth in the record.

*Messrs. Bonham & Price,* for appellants, submit: *That the evidence relied upon for conviction, was procured in a manner contrary to public policy, and of such nature, as would not justify a verdict of guilty:* 104 S. C. 146. *The sound principles of law as declared in Town of Blacksburg v. Beam, 104 S. C. 146, have not been overruled or modified by the case of State v. Harley, 107 S. C. 301. The Judge's charge was upon the facts:* Constitution of 1895, art. V, sections 2 and 3 of the Act of 1914, *which purports to give the rural policemen of Greenville county power to seize without warrant liquors in possession of another, and also to arrest without warrant, are unconstitutional:* Constitution of 1895, art. I, sec. 5; art. I, sec. 16.

*Solicitor J. Robert Martin,* for the State.

12—111

October 8, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Indictment for unlawfully· transporting liquor in Greenville county; verdict of guilty; appeal by the defendants.

There are five exceptions, reduced to three questions in the appellants' brief: (1) Verdict ought to have been directed for defendants; (2) the Court charged on the facts; ·(3) the act of 1914 (28 Stats. 754) is in violation of the State and Federal Constitutions. Let the exceptions be reported. The prime contention of the appellants is that liquor was discovered by an illegal search of the defendants, and that the case is thus brought within the late case of *Town of Blacksburg v. Beam,* 104 S. C. 146, 88 S. E. 441, L. R. A. 1916e, 714.

Facts make a case; there is no such thing as law separable from facts. There were two witnesses, both for the State.

The testimony of Gossnell shows this transaction: The place was on the Buncombe road, running north out of the city of Greenville, and where that road and the track of the Southern Railway cross. Gossnell and Beamlett were rural policemen, and had passed north up the Buncombe road about three miles, at which point they met the defendants, Quinn, Ballew, Lee, Vaughn and Beasley, in a Ford car going south towards the city. The officers turned around and also moved south, following the Ford car. At the crossing of the highway and the railway the Ford car had been halted, as were the policemen, too, by a passing freight train. The policemen alighted from the car and stood the one on one side and the other on the opposite side of the Ford car. Ballew was driver of the Ford car, and Quinn sat by him. The three others were on the back seat, and those three were drunk. The officers found on the back seat a full quart of whiskey, and Beamlett picked up a full quart of whiskey down about the front where Ballew sat. Quinn

had something in his hands, holding it down between his legs, and Gossnell pulled it out, and it was a quart bottle of whiskey full. At that stage the arrest was made.

The testimony of Beamlett shows this transaction: The policemen alighted at the crossing and walked one on one side and one on the other side of the Ford. The occupants of the Ford car were all under the influence of liquor, save Ballew, and two of them were drunk to helplessness. This policeman found one quart in the back of the car at the feet of Lee.

The defendants offered no testimony. It is true both policemen testified *in ipsissima verba* that they stopped and "searched the persons" of the occupants of the car, and that they had no warrant issued to them by an officer which empowered them to do so. But whether there was. a "search" depends upon what was said and done by the officers at the time and place, and not upon the words with which they have characterized their acts.

The facts which we have recited, and about which there is no dispute, show that there was no arrest made until the liquor was discovered in the Ford car by the officers. And the facts show, also, that there was certainly no "search" of the persons of the occupants of the Ford car to discover the liquor. On the contrary, while the Ford car was at rest, waiting for the passage across the highway of the freight train, the policemen also came to a stop, and, disembarking from their car and looking, saw some of the liquor unconcealed in the Ford car.

It will not be denied that, had the officers come by chance upon the Ford car, manifestly loaded with whiskey and being transported for unlawful use, in such a case a 1, 2 seizure of liquor and an arrest of the conveyors would have been lawful, and that without a warrant to arrest or a warrant to seize. The instant case is essentially none other than that supposed.

The Constitution prohibits absolutely unreasonable searches, and it prohibits any search save upon a warrant duly issued. It requires a warrant to seize only in those instances where the seizure is assisted by a necessary search. It does not prohibit a seizure without warrant where there is no need of a search, and where the contraband subject matter is fully disclosed and open to the eye and hand. Article I, sec. 16.

There was no search in the instant case, for search implies invasion and quest, and that implies some sort of force, actual or constructive, much or little. The provision of the Constitution now considered was adopted to save a citizen's person and his house from invasion by some sort of force, except the invasion is had in the most guarded way. See _State v. Wimbush,_ 9 S. C. 313, and the opinion of Simonton, J., in _Bound v. S. C. R. R._ (C. C.), 57 Fed. 485.

We do not find so much in the books, but that some force must be exercised is evident from the history of the constitutional provision; and that is the necessary implication of the words of the Constitution, of the statute, and of the decisons. There is a luminous discussion of the history of search and seizure by Mr. Justice Bradley in _Boyd v. United States,_ 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746. See, also, Cooley's Const. Law (4th Ed.), p. 367.

The undisputed testimony in the instant case shows there was no exercise of any sort of force, but, on the contrary, the condition was manifest to him who had eyes to see. The case is largely governed by what was decided in _State v. Byrd,_ 72 S. C. 109, 51 S. E. 544. It was there held:

"Under section 16 of article I of the State Constitution which protects the citizen from unreasonable seizure of his person or property, there is no doubt a limit to the power of the General Assembly to authorize arrest of the citizen without warrant; but we do not think that limit has been reached

when an officer is required to arrest without warrant one whom he discovers *in the act* of violating the criminal law." (Italics have been supplied.)

The next issue arises out of what the Court said, not in the charge, but when it ruled against the formal motion for the direction of a verdict. It has been held more than once that it is not unlawful for a trial Court to state testimony about which there was no dispute. In the instant case the Court said: "The testimony tends to show * * * that upon information communicated to them they (the policemen) went out for the purpose of finding the defendants; that the defendants were in an automobile drunk on the public highway and at the time seeing their automobile in excess of the legal rate of speed; that as soon as the opportunity was presented they made a search of the automobile in question and found the liquor which had been offered in evidence * * * whereupon they were arrested and taken to jail."

The motion for a directed verdict was in its nature a demurrer to the evidence, and, therefore, a quasi admission of the truth.

The third issue made by the appeal involves a testing of the act of 1914 (28 Stats. 754) when laid by the side of the State Constitution; for as no Federal question is involved the Federal Constitution has no relevancy. The suggestion of the appellant is that sections 2 and 3 of that act violate the due process clause of the State Constitution (article I, sec. 5), and also the search and seizure of the same instrument. (Article I, section 16.) These subjects are akin, and the issues will be considered together. The statute is to be judged, of course, with reference only to the facts of the instant case; if, when applied to those facts, it conforms to the superior rule of the Constitution, then no fault is to be found with it.

The second section of the statute deals, *inter alia,* with seizures, and it does empower police officers "to seize without

warrant * * * all alcoholic liquors in the possession of any person for unlawful use." It does not authorize a search of a man's person or his house without a warrant. In the instant case the seizure was made without warrant to seize; but so much was lawful because, as before stated, there was no search necessary and none was made.

The third section of the statute deals, *inter alia,* with arrests, and it does empower police officers, "for any freshly committed crime to arrest without warranty." The subject of "arrest of the person" is not mentioned in the State Constitution save in three instances not relevant here. Article II, section 14; article III, section 13; article XIII, section 2. The due process clause of the Constitution, however, protects the citizen from unlawful arrests.

By the common law (that law which due process guarantees) a citizen may be arrested without warrant who is discovered in the act of violating the law. *City v. Payne,* 2 Nott & McC. 475; *State v. Sims,* 16 S. C. 486. In the instant case the defendants were discovered *flagrante delicto;* they were in the very act of transporting contraband liquor.

We are, therefore, of the opinon that, when applied to the facts of the instant case, no fault can be found in the statute in the respects indicated.

The judgment of the Circuit Court is affirmed.

MR. CHIEF· JUSTICE GARY, and MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE WATTS. I dissent, and think judgment should be reversed.