## 10791

### STATE v. GUEST

#### (110 S. E. 112)

CRIMINAL LAW—SEARCHES AND SEIZURES—ADMISSION OF EVIDENCE PRO-CURED BY SEARCH WITH CONSENT DOES NOT VIOLATE CONSTITUTION. —Where defendant, when his automobile was stopped by the officers, admitted he had whiskey therein, and voluntarily gave the officers the key to the rear compartment in which he had the whiskey, evidence of his confession and of the results of the search was admissible, and did not violate his constitutional rights under the Fourth and Fifth Amendments, relating to unreasonable search and compelling defendant to testify against himself.

Before SEASE, J., Anderson, February, 1921.     Affirmed.

Lee Guest indicted for violation of the prohibition law and upon conviction appeals.

*Messrs. Dickson & Miller,* for appellant, cite:    *Search unjustified and evidence so obtained incompetent*: 114 S. C., 265; 111 S. C., 174; 104 S. C., 146; U. S. Adv. Apps., 311; Id., 316.    *Mose v. Dukes,* U. S. C. C. A.—July 21, 1921.

*Mr. L. W. Harris, Solicitor,* for the State, cites: *Amendments to U. S. Const.* (4th and 5th) *apply only to Federal officers in the discharge of Federal duties*: 232 U. S., 383; 92 S. E., 1034; 18 S. E., 1021.    *What is unreasonable search*: 97 S. E., 62; 78 S. E., 327.    *Could detain defendant until search warrant was obtained*: 115 S. C., 198. *Consent to search dispenses with necessity of warrant*: 24 R. C. L., 723; 92 S. E., 1034.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case on appeal shows:

"Appellant, herein called defendant, was tried and convicted at the February, 1921, term of Court of General Sessions at Anderson of a violation of the prohibition law, and

sentenced to one year's imprisonment or the payment of $1,000.00 fine.

. "The appeal from this judgment is based upon several exceptions which impute error in the Court below in admitting over defendant's objection certain testimony of the State, in refusing to strike out such testimony, in refusing to direct a verdict of acquittal, and in overruling defendant's motion for a new trial. The defendant offered no testimony.

"Following is a brief of the testimony complained of: B. R. Hilliard, State's witness, testified: That he was deputy sheriff of Anderson County on May 12, 1920; that on said date, in company with Deputy Sheriff Williams, also of Anderson County, he drove towards the Savannah River and met defendant, his wife and two children, driving in the direction of Anderson in a Buick automobile; that witness then turned his car around and followed defendant until they got to the city hall in Anderson; that it was almost impossible for witness to keep in sight of defendant at this point; that upon reaching the city hall defendant was traveling about 8 or 10 miles an hour; that witness then drove his car in front of defendant's car, forcing defendant to the curbing and stopping him; that defendant asked witness what he wanted, and the reply was that he wanted that whiskey, defendant replying, 'I sure hell have got it;' that witness then got out of his car and asked defendant where it was, and that defendant told him it was in the rear end of his car (a roadster); that defendant then took a key from the pocket of his car that unlocked the back of his car and handed it to him; that witness took the key, unlocked the back of defendant's car, raised up the lid, and found 73 gallons of corn whiskey in gallon cans; that he then carried defendant to county jail, and his wife and children to her sister's; that later appellant made bond; that the first word spoken was by defendant after witness had stopped him. Witness further testified that he personally knew the defendant, and that he had neither

arrest warrant for him or a search warrant to search his car; that not until after defendant had been stopped and his car searched was whiskey found.

."To this testimony defendant objected on the ground that such evidence was incompetent, the same having been illegally procured, the officer admitting that he had neither an arrest warrant for defendant or a search warrant for his car, and further that any disclosures made by him were involuntary and likewise incompetent for the same reason, that the discovery was made in violation of defendant's constitutional rights under the Fourth and Fifth Amendments to the Federal Constitution. The objection was overruled, and the testimony admitted.

"On cross-examination the witness testified further:

" 'Q. You didn't see any whiskey?   A. No, sir.

" 'Q. You never saw any whiskey until after you had searched that automobile, did you?   A. No, sir.

" Q. Did you have a search warrant?   A. I did not.

" 'Q. Did he tell you to search his car?   A. Why, I don't know as anything was said about searching it.

" 'Q. There wasn't anything said about searching the car?   A. I don't think so.

" 'Q. You demanded to search his car?   A. I don't know as I demanded; I just drove in front of him and stopped.

" 'Q. You told him to halt?   You ran in front of him and told him to stop?   A. I don't remember that I told him to stop.   My engine choked down.

" 'Q. You choked his engine down, too?   A. Yes, sir.

" 'Q. You put him under arrest?   A. Yes, sir; after I found the liquor.

" 'Q. Before you found the liquor?   A. I don't know; I didn't tell him he was under arrest.

" 'Q. You detained him?   A. Yes, sir.

" 'Q. Did you have an arrest warrant for him?   A. I did not.

" 'Q. You ran in front of him, stopped him, detained him, searched his car, and didn't have a search or arrest warrant? A. No, sir.'

"J. A. Williams, deputy sheriff of Anderson County, who was present with Deputy Hilliard, gave similar testimony, which was objected to on same ground, but admitted over the objection.

"Tom Davis, another witness for the State, testified as follows: That he was sitting in front of the city hall when both cars passed side by side; saw Deputy Sheriff Hilliard run his car in front of defendant's car; that he stopped just above where witness was sitting; that he went right to the cars when they stopped; Hilliard was going around to the front of defendant's car when he got there; got it then?' Defendant replied, 'I sure hell have;' Hilliard what he wanted; Hilliard asked him what he was loaded with; defendant replied, 'whiskey;' Hilliard says, 'You have got it then?' Defendant replied, 'I sure hell have;' Hilliard then came around to the back of the car and caught hold of the knob on the door and it was locked; he said to defendant, 'You have got it locked'; and he says, 'Yes'; that defendant reached in his pocket for key and then in side door of car, got key, and handed it to Hilliard; that Hilliard opened the car and it was packed full of one-gallon cans; Hilliard took one out and witness took one out and smelled it, and it was corn whiskey; that defendant made no complaint, and that what he did was voluntary; recognize the defendant sitting there as being the man in car.

"Same objection was made to the introduction of this testimony, objection overruled, and testimony admitted.

"At the close of the State's case counsel for defendant moved to strike out the testimony of the three witnesses, Hilliard, Williams, and Davis, on the same ground interposed to its admissibility, the motion being overruled. Motion was then made on same ground for a directed verdict for defendant, which was likewise refused. The defend-

ant offered no testimony. After the Court's charge to the jury a verdict of guilty ,was returned. Defendant moved for a new trial on the same ground theretofore interposed. Motion overruled, and judgment pronounced.

"Within due time appellant's attorneys gave notice of their intention to appeal to the Supreme Court, and appellant now appeals to this Court upon the following."

There are three exceptions, but appellant, in his argument, states that there is but one question: Has the appellant been deprived of his constitutional right of immunity from unreasonable search and been compelled to testify against himself?

The answer is he has not. The record shows that he freely, voluntarily, and defiantly confessed his guilt, and consented to the search, and made no objection to the seizure.

The appeal is dismissed.