### 11221

#### STATE v. KANELLOS

#### (117 S. E., 640)

1. INTOXICATING LIQUORS—SEARCH WARRANT NOT ALWAYS NECESSARY BEFORE SEARCH AND SEIZURE.—A search warrant is not always necessary to validate a seizure of intoxicating liquor, it being lawful to make such seizure without warrant where the contraband is fully disclosed and open to the eye and hand.

2. CRIMINAL LAW—ADMISSION IN EVIDENCE OF LIQUOR ALLEGED TO HAVE BEEN UNLAWFULLY SEIZED HELD NOT ERROR.—Where there is testimony, though conflicting, that indicates no search was necessary to disclose liquor seized while being unlawfully transported, error cannot be predicated on the trial Court's admission in evidence of such liquor.

NOTE: On constitutional guaranties against unreasonable search and seizures as applied to search for and seizure of intoxicating liquor, see notes in 3 A. L. R., 1514; 13 A. L. R., 1316.

3. CRIMINAL LAW—ADMITTING LIQUOR IN EVIDENCE AND SUBMITTING ISSUE OF LAWFUL SEIZURE TO JURY HELD NOT ERROR.—Where testimony as to whether liquor was unlawfully seized without a warrant is conflicting, *held,* there was no error in admitting the liquor in evidence and submitting the question of fact to the jury.

4. SEARCHES AND SEIZURE—ADMISSION IN EVIDENCE OF SEARCH WARRANT HELD NOT ERROR, THOUGH AFFIDAVIT SUPPORTING IT WAS UNDATED.—The admission in evidence of a search warrant accompanied by the affidavit supporting it on the same paper, *held,* not error, though the affidavit was not dated; the warrant itself being dated.

Before TOWNSEND, J., Richland, May, 1922.    Affirmed.

Louise G. Kanellos was  convicted of unlawfully transporting intoxicating liquor and appeals.

*Messrs. Claude N. Sapp* and *G. Duncan Bellinger,* for appellant, cite: *Illegal searches and seizures:* Const. S. C., 1895; Art. 1, Sec. 16; 9 S. C., 309; 104 S. C., 147; 105 S. E., 283; 103 S. E., 510; 116 U. S., 816; 232 U. S., 383; 251 U. S., 385; 255 U. S., 298; U. S., Adv. Aps. 10, p. 316; 211 U. S., 78; 232 U. S., 383; 251 U. S., 385; 156 U. S., 7; 251 U. S., 385; 233 Fed., 481; 270 Fed., 818; 277 Fed., 75.

*Mr. A. F. Spigner, Solicitor,* for the State.

May 26, 1923.

The opinion of the Court *en banc* was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This is an appeal from the judgment of the Court of General Sessions for Richland County, based upon the verdict of a petit jury which found the defendant, Louis G. Kanellos, guilty under a bill of indictment, which charged that Louis Kanellos and Newton Kelly did, on the sixteenth day of September, in the year of our Lord one thousand nine hundred and twenty-one, with force and arms, at Columbia Courthouse, in the county and State aforesaid, willfully and unlawfully transport and convey from a point

without this State into this State, or from place to place within this State, spirituous, malt and other liquors, to wit: two quarts of White Horse Scotch whisky which contained more than one per cent. of alcohol and used as a beverage, for the purpose of delivery, against the form of the Statute in such case made and provided, and against the peace and dignity of the State.

"The bill of indictment also contained a second count, which charged that Louis Kanellos did, on the sixteenth day of September, 1921, willfully and unlawfully carry a deadly weapon concealed about his person, to wit: a pistol.

"The defendant, Louis Kanellos, was also indicted upon another and second indictment, which charged him with the transportation of twelve quarts of whisky on the 16th day of September, 1921, the same day of the offense alleged in the indictment charging him with the transportation of the two quarts of White Horse Scotch whisky. The defendant was tried upon the two indictments at the same time, but the jury was unable to agree as to the guilt of the accused under the second indictment, that is to say, under the indictment charging him with the transportation of the twelve quarts of whiskey. Accordingly the trial Judge ordered a mistrial under that indictment.

"Upon the call of the case for trial the Solicitor announced that he would *nol pros.,* and did *nol pros.* the case as to the defendant Newton Kelly, and the case was then tried against the defendant Louis Kanellos alone before the Honorable W. H. Townsend and a jury at the May Term of the Court of General Sessions for Richland County, and upon the defendant's being found guilty, the Court sentenced him to serve six months upon the public works of Richland County at hard labor or a like period in the State penitentiary."

The following are the appellant's exceptions:

(1) "That his Honor erred in failing to strike out the testimony of the witness T. A. Berley, in so far as he

testified as to the finding of the two quarts of White Horse Scotch whisky in the possession of the defendant or in his automobile, when the defendant moved to strike out such testimony with reference to the search and seizure of the defendant's automobile on the ground that that officer making the search and seizure had no search warrant; the error being that inasmuch as it is unlawful for an officer to search the person or premises of another without a search warrant, evidence obtained by reason of search made without a warrant is incompetent."

(2) "That his Honor erred in passing upon the motion to exclude the testimony of the witness Berley as to what he found in the defendant's automobile by ruling that the absence of a search warrant was immaterial, and in holding that the testimony did not show any unreasonable search authorizing the exclusion of such testimony; when he should have held that, under the testimony of the witness Berley, the whiskey, for transporting which the defendant was arrested, was discovered by the officer, Berley, while he was making a search of the defendant's car and before he had obtained a search warrant."

(3) "That his Honor erred in holding that the presence of the whisky in the defendant's automobile was discovered by the officer, Berley, without his having made any search therefor; in his holding that the said whisky was being transported by the defendant in the presence of the officer, Berley, and that the said officer knew, before any search was made, that the defendant, Kanellos, was engaged in the transportation of liquor at the time that he arrested him."

(4) "That his Honor erred in receiving in evidence the search warrant (Exhibits A and B) when the same was objected to because it did not bear any date showing when the affidavit on the same was probated."

The exceptions will be considered in their regular order.

First Exception.   It is not necessary, in all cases,
for the officer making a search and seizure to have
a warrant.   The rule is thus stated in *State v. Quinn,*
111 S. C., 174; 97 S. E., 62; 3 A. L. R., 1500:

"The Constitution prohibits absolutely unreasonable
searches, and it prohibits any search save upon a warrant
duly issued.   It requires a warrant to seize only in those
instances, where the seizure is assisted by a necessary search.
It does not prohibit a seizure without warrant where there
is no need of a search, and where the contraband subject-
matter is fully disclosed and opened to the eye and hand."

See also, *State v. Guest,* 118 S. C., 130; 110 S. E., 112.

In this case there was testimony tending to show that
it came within the principle announced in *State v. Quinn,*
*supra,* although the testimony was conflicting.   This excep-
tion is overruled.

Second Exception.   As the testimony was conflict-
ing, the issues of fact were properly submitted to
the jury.   This exception cannot be sustained.

Third Exception.   His Honor, the presiding Judge, did
not undertake to pass upon the issues of fact, mentioned
in said exception but merely submitted them to the jury.
This exception is overruled.

Fourth Exception.   During the examination of the
witness, T. A. Berley, by the Solicitor, the record
shows that the following took place:

"(Being shown a paper)   That is the search warrant I
got from Mr. Ollie Mefford.   I got it the same day about
30 minutes after I arrested him.   After he objected I didn't
search any further until I got the warrant.

"The attorney for the defendant objected to the intro-
duction of the warrant, on the ground that it was signed
in blank, and does not show the date upon which it was
executed.

"In ruling upon the admissibility of the warrant, the
Court said:

"The Court: 'The warrant is dated the 16th of September. The affidavit isn't dated. But how is the date a material part of an affidavit? The warrant is dated; the affidavit isn't; it is on the same paper. You can put the officer up.'

"The warrant was issued about 30 minutes after I put him in jail. I made the affidavit on the warrant. (The paper was offered and received in evidence and marked 'Exhibit B.')

"That is the paper I had when I searched the automobile."

This exception is overruled for the reason stated by his Honor, the presiding Judge.

Affirmed.

MR. JUSTICE FRASER, and MESSRS. SEASE, BOWMAN, FEATHERSTONE, RICE, HENRY, DENNIS and JOHNSON, Circuit Judges, concur.

MR. JUSTICE MARION, and MR. DEVORE, Circuit Judge, concur in the result.

MR. JUSTICE COTHRAN: I dissent for the reasons given by me in the case of *State v. Prescott* (Oct. Term, 1922) 117 S. E., 637. I particularly disapprove of the declaration in the leading opinion that—

"It is not necessary in all cases for the officer making a search and seizure to have a warrant."

This statement is immediately followed by a quotation from the Quinn Case:

"The Constitution prohibits absolutely unreasonable searches, *and it prohibits any search save on a warrant duly issued.*"

MR. JUSTICE WATTS, and MESSRS. MEMMINGER and WILSON, Circuit Judges, concur.