[Criminal No. 648. Filed May 23, 1927.]

[256 Pac. 362.]

IGNACIO RUIZ, Appellant, v. STATE, Respondent.

Mr. Wm. J. Fellows, for Appellant.

No appearance for Respondent.

LOCKWOOD, J. — Ignacio Ruiz was informed against by the county attorney of Maricopa county for the crime of unlawfully transporting liquor. Defendant pleaded not guilty, waived a jury and was tried before the court. He was found guilty as charged, a motion for new trial was duly made and denied, and he was sentenced to imprisonment in the county jail. From this judgment he has appealed.

It appears from the undisputed evidence in the case the officers suspected defendant of some crime and were awaiting his appearance to arrest him. He drove an automobile along the road where they were waiting and one wheel accidentally ran into a ditch, bringing the car to a stop. The officers then approached the car, which was an open one, and glancing into it saw a keg. They immediately arrested defendant and took him, with the keg, to the police station, where it was discovered the keg was filled with corn whisky. At the trial defendant objected most strenuously to the introduction of the keg in evidence on the ground that the arrest and the search of the car were without warrant and without legal or probable cause, and that, therefore, the state was not entitled to introduce in evidence anything found by the officers in the alleged search. This motion was by the court overruled and the keg and its contents admitted in evidence.

There are two assignments of error which raise in substance the same proposition of law, to wit: That the keg and its contents were improperly ad-

mitted in evidence because they had been illegally seized. We do not think it necessary to discuss the matter at length. In the case of *Malmin* v. *State,* 30 Ariz. 258, 246 Pac. 548, we went fully into the law regarding the search of automobiles engaged in the transportation of intoxicating liquor and the seizure of liquor found therein and its use in evidence. Even admitting that the discovery of the keg was made through a search of the automobile, we think on the undisputed testimony such search would have been permissible under the facts of the case and the law laid down in *Malmin* v. *State, supra,* and in *Carroll* v. *United States,* 267 U. S. 132, 39 A. L. R. 790, 69 L. Ed. 543, 45 Sup. Ct. Rep. 280.

But we do not think the evidence shows a search of the automobile before the arrest. It appears the car was an open one and was not halted by the officers at all. The latter merely approached it after it stopped in the ditch and looking over the side without touching it saw therein a keg containing the contraband liquor. To say that such proceedings constituted a ''search'' of the automobile would be stretching the English language to an unreasonable length. The officers saw the defendant in the actual commission of a misdemeanor before any search was made and rightly arrested him. The liquor was then seized. The keg and its contents were properly admitted in evidence.

Judgment affirmed.

ROSS, C. J., and McALISTER, J., concur.