340 P.2d 444

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Lee R. PETERSON, Defendant-Respondent.**

No. 8703.

Supreme Court of Idaho.

June 2, 1959.

———◆———

Frank L. Benson, Atty. Gen., Robert D. Wennergren and Wm. E. Swope, Asst. Attys. Gen., and Charles Herndon, Pros. Atty., Salmon (Edward Aschenbrener and Wm. C. Roden, former Asst. Attys. Gen., and Graydon W. Smith, former Atty. Gen., on the brief), for appellant.

Sherman F. Furey, Jr., Salmon, for respondent.

McQUADE, Justice.

Wines and liquors are sold in Idaho through State Liquor Dispensary stores. Having in one's possession more than two quarts of liquor not bearing the dispensary seal or label is a violation of I.C. sec. 23–610:

> "It shall be unlawful for any person to possess more than two quarts of alcoholic liquor that does not have affixed thereto the official seal or label prescribed by the Idaho liquor dispensary, except public carriers transporting alcoholic liquor for the Idaho liquor dispensary."

Defendant was prosecuted for violation of this statute. Before trial, the lower court entered an order suppressing evidence consisting of liquor taken from defendant's automobile and trailer, as having been illegally obtained without a search warrant and seized after the unlawful arrest of the defendant without a warrant of arrest.

The prime question presented in this case concerns the search of an automobile and trailer by officers of the Liquor Law Division of the Department of Law Enforcement of the State of Idaho.

At the time of defendant's arrest he owned a "club" (obviously a liquor club) in

the City of Ely, Nevada, and also had an interest in a similar establishment, known as the Crescent Lounge, in Salmon, Idaho.

Idaho officers, acting upon information from Nevada officers, were searching for an automobile and trailer carrying a large quantity of liquor, being driven from Ely, Nevada, and in possession of the defendant at Salmon, Idaho. The officers were advised that the liquor did not have the necessary Idaho Liquor Dispensary stamps thereon, in violation of I.C. sec. 23–610, supra. On the thirteenth day of December, 1957, at approximately 1 p. m., Idaho officers located the car and trailer at the east edge of Salmon, Idaho. The vehicles were parked in a driveway at the rear of a house, and the officers lawfully entered upon the premises.

The officers testified they observed, through the windows of the car, a wine bottle lying on the front seat, which they believed did not bear a stamp of the Idaho State Liquor Dispensary. In the rear of the car were a number of cases. The blanket covering them having slipped to one side, the officers could see the tops of part of the load, and the sides, about two cases down in depth. These appeared to be full cartons, showing no evidence of having been opened or tampered with in any way. They were plainly discernible as unopened liquor cartons, and of a brand of whiskey not sold in an Idaho Liquor Dispensary store. Federal serial stamps remained upon the cartons, and the cartons did not bear stickers always affixed to liquor which is dispensed through the Idaho Liquor Dispensary. On at least one case there was stenciled the address of "*Serra* Wine and Liquor Company, Elko, Nevada."

After having made observations through the window of the car, the officers walked to the rear of the trailer. The trailer, being a van type, was fully enclosed, having a rear access door. There was no lock on the door, and the officers unlatched it and looked inside for the purpose of examining the cargo.

A guard was posted over the vehicles, and other officers went in search of the defendant. About two hours later, the defendant Lee Peterson returned to the car and trailer. He was placed under arrest, and upon request of the officers drove the car and trailer, in the company of an officer, to the county jail.

Objection was made to the admissibility of the 50 cases of liquor, both from the automobile and from the trailer. All of the liquor was offered in one exhibit. Defendant objected on two grounds:

"* * * that the * * * evidence [had] previously been suppressed by Order of this Court; and secondly, * * * that [the] evidence * * * was obtained as a result of an unreasonable and illegal search and seizure

in violation of the defendant's rights not to be compelled in a criminal case to be a witness against himself * *."

The objection was sustained.

At the conclusion of the State's case, the defendant made a motion for an advisory instruction by the court to the jury to acquit the defendant. Acting upon a single instruction of the court, a foreman was selected and a verdict of "not guilty" was rendered by the jury. The State appeals.

Our statutes, I.C. secs. 19–2804 and 19–2808, provide that this decision shall be for future guidance, and shall not affect the judgment in favor of the defendant.

Assignments of error which shall be disposed of relate to the search of the automobile and trailer, suppression of the evidence by the trial court, and granting a motion for directed verdict of acquittal.

For disposition of this case, we shall deal with the liquor in the automobile, and exclude disposition of the question of the liquor involved in the trailer.

Our constitutional provisions relating to searches and seizures and due process of law are substantially the same as those of the United States Constitution. It was said in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 343, 58 L.Ed. 652, in quoting from Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746:

"In the Boyd case, supra, after citing Lord Camden's judgment in Entick v. Carrington, 19 How.St.Tr. 1029, Mr. Justice Bradley said:

" 'The principles laid down in this opinion affect the very essence of constitutional liberty and security. They reach farther than the concrete form of the case then before the court, with its adventitious circumstances; they apply to all invasions on the part of the government and its employees of the sanctity of a man's home and the privacies of life. It is not the breaking of his doors and the rummaging of his drawers that constitutes the essence of the offense; but it is the invasion of his indefeasible right of personal security, personal liberty, and private property, where that right has never been forfeited by his conviction of some public offense,—it is the invasion of this sacred right which underlies and constitutes the essence of Lord Camden's judgment.' "

The defendant Lee R. Peterson was entitled to the protection of our Constitution against an invasion of his personal right and property against all persons, which included the officers.

Appellant cites Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407, and Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39

A.L.R. 790, to support the legalism that seizure and introduction of illegally-possessed liquor from a vehicle without a prior arrest or a search warrant is lawful if the officers have probable cause to believe the vehicle contains such liquor. These cases are not applicable, and are explained in United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. All other authorities cited by appellant follow the Carroll and Husty cases, and are therefore inapplicable.

■ The officers went on the premises, and while visiting with Fred Carl, a justice of the peace, looked through the windows of the automobile and observed the unstamped, unopened cases of whiskey, the possession of which was in violation of the Idaho laws. The search before, and subsequent seizure of the liquor after, the arrest were lawful, and the liquor in the car was admissible evidence.

The case of United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 748, 71 L.Ed. 1202, says in part:

" * * * But no search on the high seas is shown. The testimony of the boatswain shows that he used a searchlight. It is not shown that there was any exploration below decks or under hatches. For aught that appears, the cases of liquor were on deck and, like the defendants, were discovered before the motor boat was boarded. Such use of a searchlight is comparable to the use of a marine glass or a field glass. It is not prohibited by the Constitution. Compare Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898. * * *"

See also People v. Martin, 45 Cal.2d 755, 290 P.2d 855; State v. George, 32 Wyo. 223, 231 P. 683.

The rule is generally stated in 56 C.J., Searches and Seizures, sec. 77, p. 1188:

"The constitutional provisions against unreasonable searches and seizures do not prohibit a search without a search warrant that does not constitute a trespass; hence the obtaining of information by the eye, where it is not aided by a trespass, does not constitute an unlawful search * * *." Citing Boyd v. United States, 4 Cir., 286 F. 930; Ruiz v. State, 32 Ariz. 121, 256 P. 362; People v. Cardella, 233 Mich. 505, 207 N.W. 141; Goodman v. State, 158 Miss. 269, 130 So. 285; Bynum v. State, 40 Okl. Cr. 352, 268 P. 993; Sands v. State, 36 Okl.Cr. 55, 252 P. 72; State v. Quinn, 111 S.C. 174, 97 S.E. 62, 3 A.L.R. 1500; State v. Miller, 121 Wash. 153, 209 P. 9. See also, 79 C. J.S. Searches and Seizures § 66, p. 831, note 43.

**238**

Under the circumstances of this case, it cannot be construed that the looking into the car was a trespass against the defendant.

 There was sufficient evidence in the record to sustain a conviction of the defendant on the offense charged, without admission of the exhibit. The officers testified they saw unstamped liquor of more than two quarts in the defendant's possession, which is the foundation of the crime charged. This testimony was sufficient to sustain a conviction of the crime charged against the defendant. The court erred in granting the motion to instruct the jury to acquit the defendant, and thereafter so instructing the jury.

It not being necessary for the disposition of this case, the subject of admissibility of the evidence in the trailer will not be treated herein.

This being an advisory opinion, no order will be made

TAYLOR, SMITH and KNUDSON, JJ., and MARTIN, District Judge, concur.

PORTER, C. J., not participating.