THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RAYMOND W. HOFFMAN and ROBERT J. RYDER, Respondents.— In a criminal action, the

People appeal from an order of the County Court, Nassau County, entered December 18, 1964 after a hearing, which granted the defendants' joint motion made pursuant to statute (Code Crim. Pro., § 813-c), to suppress certain evidence against them on the ground that it was obtained as a result of an illegal search and seizure. The People have filed the statement required by statute to perfect their appeal from said order (Code Crim. Pro., § 518, subd. 6; § 518-a). Originally the motion was made by defendant Hoffman only; later the defendant Ryder submitted papers and formally joined in the motion. An order was thereafter entered on March 12, 1965, reciting the papers submitted by defendant Ryder, and in effect resettling the prior order of December 18, 1964 and granting the motion to suppress the evidence. No appeal was taken from such resettled order, but pursuant to the authority conferred by statute (Code Crim. Pro., § 524-b) such order has been reviewed. Orders of December 18, 1964 and March 12, 1965 reversed on the law and the facts, and motion of both defendants to suppress evidence denied. It is clear that the arresting officer was lawfully authorized to stop the automobile being driven by the defendant Hoffman and demand of its occupants the certificate of registration and such other information as set forth in section 401 of the Vehicle and Traffic Law (*People* v. *Scianno,* 20 A D 2d 919; see, also, *People* v. *Battle,* 12 N Y 2d 866). Moreover, it is our opinion that in the proper performance of his duties, the police officer had the authority to stop and question Hoffman as a result of the latter's suspicious activities in the operation of the automobile at 4 o'clock in the morning. The evidence needed to make such inquiry is not of the same degree or conclusiveness as that required for an arrest. "Prompt inquiry into suspicious or unusual street action is an indispensable police power in the orderly government of large urban communities" (*People* v. *Rivera,* 14 N Y 2d 441, 444). It is also our opinion that the two license plates which were lying in open view in the rear of the automobile and whose presence was revealed by means of a flashlight being directed into the automobile were not seized as the result of a search. "It is well established that it is not a search to observe what is open and patent either in daylight or in artificial light" (*Davis* v. *United States,* 327 F. 2d 301, 305; *United States* v. *Lee,* 274 U. S. 559; *Smith* v. *United States,* 2 F. 2d 715). Thus, the officer did not conduct an illegal search and seizure by shining a flashlight into the automobile, seeing the license plates, and then seizing them (*People* v. *Anthony,* 21 A D 2d 666). We further conclude that the arrest of the defendant Hoffman did not take place until *after* he had been removed to the station house and the report was received that the license plates were stolen. Parenthetically, we may add that even if the arrest were made on the street, subsequent to the discovery of the license plates and their unexplained possession, the circumstances may well have constituted probable cause for believing that a crime had been committed and, thus, have justified an arrest at that time. Nevertheless, we find that the detention of the defendant Hoffman on the street and at the police station, pending further investigation, and prior to the report confirming that the plates had been stolen, was nothing more than a detention for inquiry and did not amount to an arrest within the meaning of section 167 of the Code of Criminal Procedure (*People* v. *Rivera,* 14 N Y 2d 441, *supra*; cf. *United States* v. *Vita,* 294 F. 2d 524). Thereafter, there was, of course, reasonable cause for believing that a crime had been committed and that the defendant Hoffman was one of the persons responsible (cf. *People* v. *Malinsky,* 15 N Y 2d 86, 91). The subsequent search of the person of the defendant Hoffman was, therefore, legal as "incident to a lawful arrest" (*People* v. *Loria,* 10 N Y 2d 368, 373). This being so, any evidence of an unrelated crime observed or uncovered in the course of that search may be seized and used against him in

a prosecution for such other crime (*Harris* v. *United States*, 331 U. S. 145, 154). Thus the credit cards and gasoline slips seized as the result of the lawful search would be admissible upon the trial of the defendants for the crimes charged, i.e., forgery and petit larceny, and, therefore, it was error to have granted the motion to suppress. Ughetta, Acting P. J., Brennan, Rabin and Benjamin, JJ., concur; Hopkins, J., concurs in the result.