435 P.2d 797

**The STATE of Idaho, Plaintiff-Respondent,**
**v.**
**LeRoy Alvin LOYD and John Alvin Adamson, Defendants-Appellants.**

**No. 10043.**

Supreme Court of Idaho.

Dec. 28, 1967.

Richard B. Kading, Jr., Boise, for appellants.

Allan G. Shepard, Atty. Gen., and Mack A. Redford, Asst. Atty. Gen., Boise, for appellee.

SMITH, Justice.

Appellants were adjudged guilty of first degree burglary. They appeal from the judgments of conviction, contending evidence was illegally seized and erroneously admitted in evidence.

During the early morning of August 11, 1966, Boise, Idaho, police officers Erwin W. Gifford and William B. Gussie, responding to directions from police headquarters in Boise, drove to the Eagles Lodge in Boise to investigate the report of a burglar alarm set off. Upon entering such premises the officers discovered that a liquor cabinet, file cabinets and a safe had been opened. When the Lodge's managing personnel arrived, the officers ascertained that a cash box from the safe was missing.

Following footprints leading south from the back of the building, the officers emerged on railroad tracks at the rear of the building. While looking for footprints along the railroad track, they observed a 1957 two-door Pontiac automobile with out-of-state license plates being driven in the vicinity of the Lodge. Approximately two or three minutes after first observing the car, the officers noted that it had turned and was slowly approaching in their direction. Because of the circumstances of the early hour, the out-of-state license, and a burglary committed minutes before, the officers decided to investigate the vehicle and its occupants.

As the automobile returned, the police officers were still on the railroad tracks about 35 to 40 feet from the street. The car stopped approximately thirty feet from the officers, and a male passenger got out of the car and seemed to disappear down a driveway. Officer Gifford thought he saw the passenger throw something as he returned to the automobile, but was unable to describe anything that the passenger may have had in his hand. The passenger got back into the car and the two officers, who had begun running toward the vehicle, told them to "hold it."

Both officers were armed, one with a pistol and the other with a shotgun. After telling the occupants, defendants and appellants herein, to get out of the car, which they did, leaving the doors open, the officers checked them for weapons. One of the men granted Officer Gussie's request to look into the vehicle's trunk; he found nothing unusual therein. Then, while Officer Gifford held both occupants, Officer

Gussie shone his flashlight into the car through the car window on the driver's side and noticed something on the floor partly beneath the passenger's seat. He proceeded around the car to the passenger's side, and, without entering the vehicle, observed that the object of his interest was a cash box; the top portion of the box contained F. O. E. dues envelopes. Officer Gussie determined that the cash box was from the Eagles Lodge. The officers then handcuffed the two men and informed them that they were under arrest.

At trial, appellants unsuccessfully moved to suppress the admission of the cash box in evidence. A jury found each appellant guilty of first degree burglary. Appellants thereupon moved for new trial upon the ground that the trial court erred in failing to suppress evidence of the cash box. The court denied such motion and thereupon entered judgments imposing sentence upon each appellant. This appeal resulted.

Appellants assert error of the trial court solely in refusing their motion to suppress evidence, viz., the cash box taken from the automobile. They maintain that they were not legally arrested, and that consequently no right of search attained without a search warrant.

Appellants' principal argument is that, there having been no arrest or search warrant, the cash box was illegally admitted in evidence because the officers had no reasonable cause to believe the two men had any connection with the burglary, up to the time they found the cash box.

I.C. § 19–603 in part reads:

"A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

"1. For a public offense committed or attempted in his presence.

"2. When a person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed and he has reasonable cause

for believing the person arrested to have committed it.

\* \* \* \* \* \*

"5. At night, when there is reasonable cause to believe that he has committed a felony."

Appellants contend that a legal arrest took place when the appellants were first stopped, and that it was at that point necessary that the police officers have reasonable cause to believe that the appellants had committed a felony. With this argument we concur. The two police officers were both armed; they stopped the car and ordered the occupants out of the vehicle, and searched both appellants for weapons. An arrest, which is the taking, seizing, or detaining the person of another, touching or putting hands upon him in the execution of process, or any act indicating an intention to arrest, is complete when the person arrested is first detained. United States v. Scott, D.C., 149 F.Supp. 837 (1957); People v. Mirbelle, 276 Ill.App. 533 (1934). See State ex rel. Sadler v. District Court, 70 Mont. 378, 225 P. 1000, 1001 (1924); Hoppes v. State, 70 Okl.Cr. 179, 105 P.2d 433, 439 (1940); United States v. Benner, Baldw. 234, 239, Fed.Case No.14,568. Clearly, appellants were detained herein when they were stopped.

The validity of an arrest cannot be justified by the fruits of the search, but must be based on facts and circumstances apparent to the peace officer when the arrest is made. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); Johnson v. United States, 333 U.S. 10, 13–15, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Moore v. United States, 5 Cir., 296 F.2d 519 (1961); People v. Gorg, 157 Cal. App.2d 515, 321 P.2d 143 (1958); People v. Brown, 45 Cal.2d 640, 290 P.2d 528 (1955); People v. Privett, 55 Cal.2d 698, 12 Cal.Rptr. 874, 361 P.2d 602 (1961); People v. Mills, 148 Cal.App.2d 392, 306 P.2d 1005, cert. den. 355 U.S. 841, 78 S.Ct. 55, 2 L.Ed. 2d 46 (1957), rehearing denied 355 U.S. 886, 78 S.Ct. 147, 2 L.Ed.2d 116 (1957); Giordenello v. United States, 357 U.S. 480,

485–486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503, 1509 (1958); Albrecht v. United States, 273 U.S. 1, 5, 47 S.Ct. 250, 251, 71 L.Ed. 505, 508 (1927).

■■ However, the validity of an arrest does not depend on whether the defendant may in fact be found guilty of the offense for which he is arrested. People v. Rios, 46 Cal.2d 297, 294 P.2d 39 (1956); People v. Fischer, 49 Cal.2d 442, 317 P.2d 967 (1957). A peace officer may make an arrest without a warrant when a felony has been committed and he has reasonable cause to believe that the person or persons arrested have committed it. I.C. § 19–603; State v. Polson, 81 Idaho 147, 339 P.2d 510 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Reasonable cause exists where there is such state of facts as would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that such person is guilty. State v. Autheman, 47 Idaho 328, 274 P. 805, 62 A.L.R. 195 (1929); Brinegar v. United States, supra; State v. Polson, supra; People v. Rivera, 14 N.Y.2d 441, 444–445, 252 N.Y.S.2d 458, 461, 201 N.E.2d 32, 34 (1964); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). To the same effect are: Husty v. United States, 282 U.S. 694, 700–701, 51 S.Ct. 240, 75 L.Ed. 629 (1931); Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 69 L.Ed. 1032 (1925); Steele v. United States No. 1, 267 U.S. 498, 504–505, 45 S.Ct. 414, 69 L.Ed. 757 (1925); Stacey v. Emery, 97 U.S. 642, 645, 24 L.Ed. 1035, 1036 (1878).

In the case at bar, the police officers observed a car with out-of-state license plates driving slowly during the early morning, in the vicinity where a burglary had occurred minutes before. The area was predominantly residential. One officer noticed an occupant throw something in a furtive manner from the car.

■■ Prompt inquiry into suspicious or unusual street action is an indispensable police power in the orderly government of urban communities. People v. Hoffman,

24 A.D.2d 497, 261 N.Y.S.2d 651 (1965); People v. Rivera, supra. As the U. S. Supreme Court stated, "In dealing with probable cause, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, supra; see Carroll v. United States, supra. Under the circumstances, an officer of ordinary prudence would have entertained a strong suspicion that the occupants of the car either were instrumental in, or had knowledge of, the burglary. Thus, we are constrained to the view that the officers were justified in making the arrest.

■ The arrest being lawful, the rule applicable to the search and seizure is as expressed in State v. Conner, 59 Idaho 695, 704, 89 P.2d 197, 201 (1939), as follows: "* * * Search and seizure, made incidental to a lawful arrest, is not prohibited as being unreasonable within the meaning of our constitution, art. 1, sec. 17, and evidence seized is not thereby rendered inadmissible." State v. Polson, supra; State v. Arnold, 52 Idaho 349, 15 P.2d 396 (1932); State v. Arregui, 44 Idaho 43, 254 P. 788, 52 A.L.R. 463 (1927); State v. Myers, 36 Idaho 396, 211 P. 440 (1922). See also State v. Bock, 80 Idaho 296, 328 P.2d 1065 (1958); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

■■ Moreover, Officer Gussie did not search the car, but rather discovered the cash box under the seat through mere observation with a flashlight from outside the car. Viewing what is open and blatant is not a search. State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965); State v. Peterson, 81 Idaho 233, 340 P.2d 444 (1959); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 748, 71 L.Ed. 1202 (1927); Fagundes v. United States, 340 F.2d 673 (1st Cir. 1965); People v. Hoffman, supra; Boyd v. United States, 286 F. 930 (4th Cir. 1923); Ruiz v. State, 32 Ariz. 121, 256 P. 362 (1927); People v. Cardella, 233 Mich. 505,

207 N.W. 141 (1926); 79 C.J.S. Searches and Seizures § 66, p. 831, note 43. As we stated in State v. Haggard, supra, quoting with approval from 79 C.J.S. Searches and Seizures § 66 a, p. 831:

" 'The constitutional provisions against unreasonable searches and seizures do not prohibit a search without a search warrant that does not constitute a trespass; hence, the obtaining of information by the eye, where it is not aided by a trespass, does not constitute an unlawful search, * * *.' " 89 Idaho 217, 227, 404 P.2d 580.

Such use of a flashlight is comparable to the use of a searchlight, marine glass, or field glass; it is not prohibited by the constitution. State v. Peterson, supra; United States v. Lee, supra; People v. Martin, 45 Cal.2d 755, 290 P.2d 855 (1955); State v. George, 32 Wyo. 223, 231 P. 683 (1924); Goodman v. State, 158 Miss. 269, 130 So. 285 (1930); State v. Miller, 121 Wash. 153, 209 P. 9 (1922).

Judgment affirmed.

TAYLOR, C. J., and McQUADE, McFADDEN, and SPEAR, JJ., concur.