485 P.2d 610

STATE of Idaho, Plaintiff-Respondent,

v.

James David ROWE, Defendant-Appellant.

No. 10798.

Supreme Court of Idaho.

May 27, 1971.

McDermott & McDermott, Pocatello, for defendant-appellant.

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

This is an appeal from a judgment of conviction of first degree burglary. The principal issues presented by the appeal are: (1) Sufficiency of evidence to sustain the burglary conviction; (2) Constitutionality of searches made of: (a) the defendant's person (b) automobile which he was driving.

The pertinent facts involved in this case are as follows. An information accusing James David Rowe (defendant-appellant) of first degree burglary on November 28, 1969, was filed in the Bannock County District Court. The following testimony was elicited at trial. At about 4:40 a. m., on November 28, 1969, a police officer observed a vehicle proceeding very slowly. It was driven by Rowe. The officer could see no reason for driving so slowly at this hour and stopped the car. In response to the police officer's inquiry, Rowe explained that he was trying to locate a certain street. The officer then left but upon passing the same spot about five minutes later, saw the car parked at the curb. Upon closer observation, the officer noticed that the driver was gone. He furthermore indicated that when he looked through the window he observed that there was "various Indian merchandise, moccasins, beads, gloves" in the back seat of the car. The officer testified that:

"It appeared to me that possibly I might have some kind of lawless actions so I got back in my car and reported this to police headquarters and requested another officer to help me search for this individual."

Police headquarters informed the officer that McCarty's store, located in the immediate vicinity, carried Indian goods and that it had been burglarized. The police officer and his partner then began to search for the defendant. By this time Bob McCarty of McCarty's store had arrived at the scene and had identified the goods. Rowe was found in the men's room of a nearby service station at which time he was arrested and searched. The search revealed Indian beads and trinkets stuffed in Rowe's pockets. These goods were left in Rowe's possession since the officer said: "We had nothing to put them in. This is why we pushed them back into the pocket." The car was taken to the police station and the goods were removed. Upon his arrival at the stationhouse, the goods in Rowe's pockets were taken from him. At trial James David Rowe (defendant-appellant) did not take the stand. The jury returned a verdict of guilty of first degree burglary and Rowe was sentenced to an indeterminate term, not to exceed fifteen years. Rowe has appealed from the judgment of conviction.

The Court will first consider the points which present issues involving fundamental federally protected constitutional rights, i. e., suppression of illegally seized evidence, since according to law, if a violation of these rights can be demonstrated, a conviction will not be permitted to stand.

█ The appellant maintains that the police officers conducted an illegal search of his person in violation of his Fourth Amendment rights [1] when he was being booked at the sheriff's office. The record

1. The Fourth Amendment to the United States Constitution:

"[Unreasonable searches and seizures.] —The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

indicates that Rowe was searched at a time which was contemporaneous with his arrest. No objection has been voiced to this search. However appellant is attempting to convince this Court that a second search which was conducted at the police station was illegal and in violation of his Fourth Amendment rights. An analysis of the record in this case indicates that in reality only one search of Rowe's person was made, viz., the one made at the service station when and where he was arrested. Upon Rowe's arrival at the police station, the goods in question were merely taken from his possession (as they could have been earlier, i. e., at the time of his arrest). The record furthermore shows that the goods that were taken from Rowe at the stationhouse were no different, nor any more extensive than those which the search at the gas station disclosed. Thus the claimed "illegal search," which was not really a search at all, revealed nothing more incriminating than what the officers had already legally established their right to possess. Rowe was in no way prejudiced by the action on the part of the law enforcement officials and in the absence thereof, his contention is meritless.

█ The next objection voiced by the appellant is that the police officers conducted an unconstitutional search of the automobile driven by him since the search of the car was not made incidental to his arrest, but rather at a different time and place (later at the police station). Appellant maintains that since the police officers had a sufficient opportunity to obtain a warrant before searching the car but failed to do so, his motion to invalidate in this regard should have been granted by the lower court. We disagree with the appellant for the following reasons. The record indicates that the police officers observed contraband, i. e., the Indian merchandise, through the window of the abandoned car which Rowe had been driving just a few minutes before. The observation of the goods coupled with the information that they had been taken from McCarty's store gave the officers authority to take them into their possession. No search was involved.

"* * * the discovery of the brick of marijuana did not constitute a search, since the officer merely saw what was placed before him in full view. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); United States v. Lefkowitz, 285 U.S. 452, 465, 52 S.Ct. 420, 423, 76 L.Ed. 877 (1932); People v. West, 144 Cal.App.2d 214, 300 P.2d 729 (1956)." Ker v. California, 374 U.S. 23 at 43, 83 S.Ct. 1623 at 1635, 10 L.Ed.2d 726 (1963).

See also Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966); State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965); State v. Peterson, 81 Idaho 233, 340 P.2d 444 (1959); State v. Loyd, 92 Idaho 20, 435 P.2d 797 (1967).

Appellant furthermore objects to the procedure whereby the vehicle was taken to the stationhouse and "searched." The record indicates however that the car was no more "searched" at the stationhouse than it was in the parking lot. Furthermore it was not unreasonable in this case to take the car to the stationhouse since it was abandoned in the middle of the night. In order to protect the goods and the safety of the car it served the owner's convenience to have the vehicle at the stationhouse. Cf. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

With respect to the issue of sufficiency of evidence to sustain the conviction, it is the opinion of this Court that a review of the record shows that while there is some conflict in the evidence, there is sufficient substantial, competent evidence to sustain the verdict. The jury having passed on the facts, there being substantial, competent evidence to sustain the jury's verdict, the same will not be disturbed on appeal. State v. Bedwell, 77 Idaho 57, 286 P.2d 641 (1955); State v. Kleier, 69 Idaho 278, 206 P.2d 513 (1949).

Judgment affirmed.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.