523 P.2d 522
**STATE of Idaho, Plaintiff and Respondent,**

v.

**John T. BRUMLEY et al., Defendants and Appellants.**

**No. 11438.**

Supreme Court of Idaho.

June 14, 1974.

William J. Dee, W. C. MacGregor, Jr., Grangeville, for defendants and appellants.

W. Anthony Park, Atty. Gen., James P. Kaufman, Asst. Atty. Gen., Boise, William B. Taylor, Jr., Pros. Atty., Grangeville, for plaintiff and respondent.

SHEPARD, Chief Justice.

This is an appeal from a conviction in magistrate's court, which was affirmed by the district court, for a violation of game laws prohibiting the killing of elk during a closed season. Error is also assigned to the denial of a defense motion to suppress evidence obtained by an alleged illegal search. The sole question presented is the validity of the said "search."

Defendants-appellants were arrested on the evening of May 28, 1972 when they were apprehended transporting a bull elk carcass out of a remote area in Idaho County, Idaho. Since appellants character-

ize the conduct of the arresting officer as an illegal search, we necessarily and briefly consider the facts. The arresting officer was on a night patrol in a big game area in which there was poaching of big game. The area contains no farms, ranches or permanent inhabitants. While on patrol, the officer noted the presence of a moving vehicle some distance away and across a canyon for which there was no logical reason at that place and at that time. It is undisputed that the officer at that point formed the intent to investigate. He pursued that vehicle for some distance and as he approached the rear of the moving pick-up he was able to see an object which appeared to be a large dead animal in the rear of the pick-up. He sounded his siren and the pick-up truck stopped. The officer walked to it and observed in the truck bed a part of a bull elk with horns partially covered with a blanket.

Appellants argue that the officer lacked probable cause to stop and "search" their vehicle. Appellants also argue that the "search" was instituted at the moment in time when the officer formed the intent to intercept and pursue appellants' vehicle. Appellants further contend that I.C. § 36-2302 is unconstitutional in that it authorizes a search of motor vehicles with or without a search warrant in violation of the probable cause doctrine. We do not reach the issue of the constitutionality of the statute since such is not necessary to our decision herein.

The only question presented for decision herein is the validity of the officer's pursuit and stop of appellants' motor vehicle. Following the stop of the vehicle the officer's actions were clearly permissible under the plain-view doctrine. State v. Rowe, 94 Idaho 212, 485 P.2d 610 (1971); State v. Pontier, 95 Idaho 707, 518 P.2d 969 (1974). Thereafter, probable cause existed for the arrest and the seizure of the elk carcass.

We reject appellants' contention that the "search" of appellants' motor vehicle was initiated at the time the officer

formed the intent to investigate and pursue appellants' vehicle. We hold that the investigation and stop of the appellants' vehicle falls well within the ambit of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968), and the recent decision of this court in State v. Hobson, Idaho, 523 P.2d 523 (1974).

Affirmed.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.