[Criminal No. 619.  Filed June 2, 1926.]

[246 Pac. 548.]

GORMAN MALMIN, Appellant, v. STATE, Respondent.

1. CONSTITUTIONAL LAW.—Constitution of the United States, Amendments 1–10, limit only federal, and not state, action.

2. INTOXICATING LIQUORS—AUTOMOBILE CARRYING INTOXICATING LIQUOR MAY BE SEARCHED WITHOUT WARRANT BY OFFICERS HAVING

---

1. Federal Constitution as a limitation upon the powers of the states in respect of search and seizure, see note in 19 A. L. R. 644.

2. Sufficiency of showing of probable cause in search for intoxicating liquor without warrant, see notes in 3 A. L. R. 1517; 13 A. L. R. 1318; 27 A. L. R. 742; 39 A. L. R. 835.

PROBABLE CAUSE TO BELIEVE THAT AUTOMOBILE IS CARRYING IN-
TOXICATING LIQUOR (LAWS ARIZ. 1917, CHAP. 63; CONST. ARIZ.,
ART. 2, §§ 8, 10; CONST. U. S., AMEND. 4).—Under Constitution of
the United States, Amendment 4, Constitution of Arizona, article 2,
sections 8, 10, intoxicating liquors, transported in automobile con-
trary to Laws of 1917, chapter 63, may be searched for without
warrant by officers having probable cause to believe that such
automobile is carrying intoxicating liquor.

3. INTOXICATING LIQUORS — INFORMATION FOR TRANSPORTING INTOXI-
CATING LIQUOR NEED NOT NEGATIVE FACT THAT SUCH LIQUOR
WAS DENATURED ALCOHOL. — Information for transporting in-
toxicating liquor need not negative fact that such liquor was de-
natured alcohol, and such allegation, if made, may be treated as
surplusage.

4. INTOXICATING LIQUORS.—In prosecution for transporting intoxicat-
ing liquor, it is unnecessary to prove that liquor transported was
not denatured alcohol.

See (1) 12 C. J., p. 744, n. 93.    (2) 33 C. J., p. 679, n. 51.
(3) 33 C. J., p. 727, n. 24.    (4) 33 C. J., p. 737, n. 81.

APPEAL from a judgment of the Superior Court
of the County of Yavapai. John J. Sweeney, Judge.
Affirmed.

Mr. James Loy, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr.
Earl Anderson and Mr. Frank J. Duffy, Assistant
Attorneys General, for the State.

LOCKWOOD, J.—In the evening of January 21st,
1925, Gorman Malmin, hereinafter called appellant,
and one G. A. Lindsay were driving a Chevrolet
motor-car along the Thumb Butte road in Yavapai
county. Somewhere between Thumb Butte and Pres-
cott they were stopped by Deputy Sheriffs Poulson
and Denny of Yavapai county. These officers had,
a short time before, received information that appel-
lant was coming into Prescott along this road with
a load of intoxicating liquor, and, there being no time
to file a complaint or obtain a search-warrant before

appellant was expected to arrive, they immediately posted themselves on the road, and, as appellant and Lindsay came, stopped them. The car was examined and about ten gallons of alcoholic liquor found. Thereupon the officers arrested appellant and Lindsay, and in due time an information was filed against them charging them with the illegal transportation of intoxicating liquor contrary to the provisions of chapter 63, Session Laws of 1917. A severance was granted, and upon trial before a jury appellant was found guilty, and was sentenced to serve eight months in jail and to pay a fine of $300, from which judgment he prosecutes this appeal.

Before the trial, appellant moved to suppress as evidence any intoxicating liquor found in the car when he was arrested, on the ground that its use was in violation of the Fourth Amendment to the United States Constitution, and also of sections 8 and 10 of article 2 of the Constitution of the state of Arizona. This motion was by the court denied. At the trial appellant also objected to the liquor being offered in evidence against him, or any reference being made thereto for the same reasons.

There are two assignments of error which raise in effect two points: First, that the liquor seized in the car was illegally admitted in evidence; and, second, that the state had failed to prove the aforesaid liquor was not denatured alcohol. We will consider these objections in their order.

The Fourth Amendment to the federal Constitution reads as follows:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Sections 8 and 10 of article 2 of the state Constitution read as follows:

"Section 8. No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

"Section 10. No person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense."

Briefly stated, appellant's position is this: That, under the state and federal Constitutions, it is unlawful for officers of the law to search an automobile for intoxicating liquor, unless they have either a search-warrant or a warrant of arrest for the driver of the car, except when an arrest is made for a felony under the provisions of our statute, and that, if any intoxicating liquor be found in an automobile when such unlawful search is made, any liquor found may not be used in evidence against the driver. It has, of course been held times without number by the Supreme Court of the United States that the first ten amendments to the Constitution limit only federal, and not state, action. So we need not consider appellant's contention that his rights under the Fourth Amendment were violated, as the arrest was made by state officers acting under the state law. Section 8, article 2, of the state Constitution, however, although different in its language, is of the same general effect and purpose as the Fourth Amendment, and, for that reason, decisions on the right of search under the latter are well in point on section 8, *supra.*

There is a diversity of opinion among the courts as to whether articles obtained by a violation of the Fourth Amendment, or provisions of state Constitutions similar thereto, may or may not be used in evidence against the person from whose possession they were taken. It is not necessary for us, however, at the present time to determine this general question, and we limit the effect of this decision expressly to

cases when contraband goods, such as intoxicating liquor, are taken from an automobile or other vehicle used in transportation of the same, contrary to the provisions of the statute. The Supreme Court of the United States, in a very recent and well-reasoned case, has fully discussed this question, and differentiated between the ordinary search made of a store, dwelling-house, or other structure and one of a vehicle engaged in the transportation of contraband goods. In the case of *Carroll* v. *United States,* 267 U. S. 132, 39 A. L. R. 790, 69 L. Ed. 543, 45 Sup. Ct. Rep. 280, the court says:

"We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor-boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. Having thus established that contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant, we come now to consider under what circumstances such search may be made. It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. . . . But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official authorized to search probable cause for believing that their vehicles are carrying contraband or illegal merchandise. . . . The measure of legality of such a seizure is, therefore, that the

seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported. . . . Such a rule fulfills the guaranty of the Fourth Amendment. In cases where the securing of a warrant is reasonably practicable, it must be used. . . . In cases where seizure is impossible except without warrant, the seizing officer acts unlawfully and at his peril unless he can show the court probable cause. . . .

"But we are pressed with the argument that if the search of the automobile discloses the presence of liquor and leads under the statute to the arrest of the person in charge of the automobile, the right of seizure should be limited by the common-law rule as to the circumstances justifying an arrest without warrant for a misdemeanor. . . . The argument for defendants is that, as the misdemeanor to justify arrest without warrant must be committed in the presence of the police officer, the offense is not committed in his presence, unless he can by his senses detect that the liquor is being transported, no matter how reliable his previous information by which he can identify the automobile as loaded with it. . . .

"The argument of defendants is based on the theory that the seizure in this case can only be thus justified. If their theory were sound, their conclusion would be. The validity of the seizure then would turn wholly on the validity of the arrest without a seizure. *But the theory is unsound. The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.* (Italics ours.) . . . The character of the offense for which, after the contraband liquor is found and seized, the driver can be prosecuted does not affect the validity of the seizure.

"This conclusion is in keeping with the requirements of the Fourth Amendment and the principles of search and seizure of contraband forfeitable property; and it is a wise one because it leaves the rule one which is easily applied and understood and is uniform."

With both this reasoning and the conclusion of the court, we are in most hearty accord. It is consonant with a proper regard both for the rights of the citizen and the enforcement of law by the officials charged with that duty. Nor have we ever heard that it was a violation of constitutional provisions similar to section 10 for contraband goods legally seized to be used in evidence against a defendant. We therefore conclude that the constitutional rights of appellant in this case were in no manner violated by the use in evidence of the liquor seized as set forth above.

It is further contended that the state failed to prove the liquor transported was not denatured alcohol. This court has specifically held in the case of *Richardson* v. *State,* 23 Ariz. 98, 201 Pac. 845, that it is not necessary for an information for manufacturing intoxicating liquor to negative the fact that it was denatured alcohol, and the same reasoning would apply to transportation. If it was not necessary to allege it, it was not necessary to prove it, and the allegation in the information may be treated as mere surplusage. There being no error apparent in the record, the judgment of the superior court of Yavapai county is affirmed.

McALISTER, C. J., and ROSS, J., concur.