71 P.3d 366

STATE of Arizona, Appellee,

v.

Francisco Javier REYNA, Appellant.

No. 1 CA–CR 02–0592.

Court of Appeals of Arizona,
Division 1, Department C.

June 26, 2003.

Terry Goddard, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Silva Law Firm, P.C., by Scott C. Silva, Tempe, Attorneys for Appellant.

## OPINION

TIMMER, Presiding Judge.

¶ 1 Under the "automobile exception" to the Fourth Amendment warrant requirement, law enforcement officers can search a vehicle lawfully in their custody if probable cause exists to believe that the vehicle contains contraband, even in the absence of exigent circumstances. *United States v. Johns,* 469 U.S. 478, 484, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). In this appeal, which challenges the trial court's denial of Francisco Javier Reyna's motion to suppress evidence, we must decide whether the privacy rights afforded by the Arizona Constitution require the existence of exigent circumstances before officers can conduct a warrantless search pursuant to the automobile exception. For the following reasons, our constitution does not impose this requirement. Because the State established the elements of the automobile exception, the trial court did not err by denying Reyna's motion to suppress, and we therefore affirm.

## BACKGROUND

¶ 2 On January 29, 2002, after observing an equipment violation, Arizona Department of Public Safety Officer Anderson stopped Reyna's truck, discovered that Reyna possessed an invalid license, and arrested him. During the encounter, Officer Anderson smelled the odor of marijuana coming from a

support column in the bed of the truck. The officer also noticed that a compartment area had been welded to the truck, making its contents inaccessible. Consequently, the officer took Reyna's keys and drove the truck to a police substation, where a welder opened the compartment to reveal 237.5 pounds of marijuana. The State subsequently charged Reyna with possession of marijuana for sale and transportation of marijuana for sale.

¶ 3 Prior to trial, Reyna moved the court to suppress the marijuana evidence, claiming that Officer Anderson illegally searched the truck without first obtaining a search warrant. The court denied the motion, ruling that the automobile exception to the warrant requirement applied in this case. After Reyna was convicted of the charges and sentenced by the court, this appeal followed. The sole issue raised on appeal is whether the trial court erred by denying the motion to suppress. When reviewing a denial of a motion to suppress evidence, "we defer to the trial court's factual findings, but we review *de novo* mixed questions of law and fact." *State v. Wyman,* 197 Ariz. 10, 13, ¶ 5, 3 P.3d 392, 395 (App.2000) (citations omitted).

## DISCUSSION

¶ 4 Reyna argues the trial court erred by denying his motion to suppress because Officer Anderson's search of the truck did not fall within the automobile exception to the warrant requirement. Reyna does not contest that Officer Anderson lawfully stopped the truck or that the officer had probable cause to believe that the truck contained contraband. Rather, Reyna contends that because exigent circumstances did not exist at the time the officer searched the sealed compartment, the automobile exception to the warrant requirement did not apply, and the court erred by denying the motion to suppress. To resolve this issue, we examine the development of the automobile exception under the federal and Arizona constitutions.

¶ 5 Under the Fourth Amendment to the United States Constitution [1] and Article 2, Section 8 of the Arizona Constitution,[2] a warrantless search is unlawful unless the State proves an exception to the general rule that searches must be conducted pursuant to a warrant issued by an independent judicial officer. *California v. Carney,* 471 U.S. 386, 390, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985); *Mazen v. Seidel,* 189 Ariz. 195, 197, 940 P.2d 923, 925 (1997); *In re Search Warrants C–419847 and C–419848 v. State,* 136 Ariz. 175, 176, 665 P.2d 57, 58 (1983). One such exception is the "automobile exception," which provides that a search warrant is not necessary when probable cause exists to search a readily mobile vehicle that is stopped on the roadway or parked on a public street or in a parking lot.[3] *Carney,* 471 U.S. at 390, 392–93, 105 S.Ct. 2066; *Cardwell v. Lewis,* 417 U.S. 583, 594, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); *State v. Branham,* 191 Ariz. 94, 96, 952 P.2d 332, 334 (App.1997). The Supreme Court created the automobile exception in *Carroll v. United States,* 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925), in recognition of the impracticability of securing a warrant to search a vehicle that could be quickly moved from the jurisdiction. Over time, however, the Court acknowledged that the automobile exception was also justified by a lessened expectation of privacy with respect to vehicles. *Carney,* 471 U.S. at 391, 105 S.Ct. 2066 ("Besides the element of mobility, less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office.") (citation omitted).

¶ 6 In *United States v. Johns,* 469 U.S. 478, 483, 105 S.Ct. 881, 83 L.Ed.2d 890

---

1. The Fourth Amendment provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

2. Article 2, § 8 provides as follows: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

3. The "automobile exception" is somewhat misnamed as the exception has been applied to vehicles other than automobiles. *Carney,* 471 U.S. at 393 n. 2, 105 S.Ct. 2066.

(1985), relied upon by the trial court in this case, the Supreme Court addressed whether the automobile exception could apply when exigent circumstances did not exist at the time of the search. In *Johns*, Customs officers investigating drug smuggling operations arrested individuals at a remote Arizona airstrip. *Id.* at 480–81, 105 S.Ct. 881. The officers smelled the odor of marijuana wafting from the suspects' parked trucks and saw sealed packages stored in the truck beds. *Id.* Accordingly, the officers drove the trucks to Drug Enforcement Agency headquarters, searched the trucks, and stored the packages in a warehouse. *Id.* at 481, 105 S.Ct. 881. Three days later, officers, without a warrant, opened the packages and discovered marijuana. *Id.* After a federal grand jury indicted the defendants on drug-related charges, they successfully moved the district court to suppress the marijuana evidence as the fruit of an illegal search. *Id.* The Ninth Circuit affirmed, holding in relevant part that the automobile exception did not apply to justify a warrantless search of packages removed three days previously from the trucks. *Id.*

¶ 7 The Supreme Court reversed, noting that prior cases discussing the automobile exception had not required that the warrantless search of a vehicle occur contemporaneously with its lawful seizure, and reasoning that the justification to conduct such a search "does not vanish once the car has been immobilized." *Id.* at 484, 105 S.Ct. 881 (citations omitted). Consequently, the Court held that exigent circumstances are not required to justify a warrantless search under the automobile exception, and the officers acted permissibly by waiting until they returned to headquarters before searching the trucks and removing the packages. *Id.* (citations omitted).

¶ 8 Additionally, the Court concluded that the warrantless search of the packages was not unreasonable merely because the officers stored the packages for three days before opening them. *Id.* at 486–87, 105 S.Ct. 881. The Court pointed out that reaching the opposite conclusion would be of limited benefit to the person whose property is searched because officers would simply be compelled to immediately search all containers as soon as they are discovered during a vehicle search. *Id.* at 487, 105 S.Ct. 881. However, officers cannot indefinitely retain possession of a vehicle or its contents before completing a search. *Id.* Thus, the Court did not foreclose the possibility that a delayed search under the automobile exception could be successfully challenged if an owner of a vehicle or its contents could prove that any delay in the completion of a search adversely affected a privacy or possessory interest. *Id.* Because that was not the case in *Johns*, the Court upheld the search. *Id.* at 487–88, 105 S.Ct. 881.[4]

¶ 9 In light of *Johns*, Reyna concedes that the trial court's ruling is proper under the Fourth Amendment. He argues, however, that Article 2, Section 8 of the Arizona Constitution affords greater privacy rights than the Fourth Amendment, and our courts therefore require the existence of exigent circumstances before law enforcement officers conduct warrantless searches of vehicles lawfully in their custody. Because such exigent circumstances did not exist in this case, Reyna contends the trial court erred by refusing to suppress evidence of the marijuana found within the sealed compartment.

¶ 10 Reyna relies primarily on *State v. Kempton*, 166 Ariz. 392, 803 P.2d 113 (App. 1990), to support his argument. In *Kempton*, an agent of the drug enforcement task force was notified by an informant that the

4. The Court has reiterated its holding in *Johns* in subsequent decisions. *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (per curiam) (reversing Maryland Court of Special Appeals holding that warrantless automobile search violated Fourth Amendment because no exigent circumstances existed to prevent police from obtaining warrant); *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)(characterizing as incorrect Pennsylvania Supreme Court's holding that automobile exception limited to cases when "unforeseen circumstances involving the search of an automobile [are] coupled with the presence of probable cause.") (citation omitted); *see also United States v. Spires*, 3 F.3d 1234, 1237 (9th Cir.1993) (following *Johns*, "[a] vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify a warrantless search.").

defendant was selling cocaine from his truck. *Id.* at 393–94, 803 P.2d at 114–15. More than six hours after receiving the information, another task force agent asked a police officer to stop the defendant as he drove his truck. *Id.* at 394, 803 P.2d at 115. The only reason for the stop was to ask the defendant's permission to search the truck. *Id.* at 397, 803 P.2d at 118. The defendant consented to the search, and the officers discovered illegal drugs. *Id.* at 395, 803 P.2d at 116.

¶ 11 On appeal, the defendant argued that the trial court erred by refusing to suppress the drug evidence as illegally seized. *Id.* This court agreed, holding that because the police had more than six hours to obtain a warrant prior to stopping the defendant, no exigent circumstances existed to stop and search the truck, and therefore the officers were not justified in conducting the warrantless search. *Id.* at 397, 803 P.2d at 118.

¶ 12 *Kempton* does not support Reyna's position for three reasons. First, the *Kempton* court focused on the ability of officers to obtain a warrant *before* stopping the defendant's truck. *Id.* at 397, 803 P.2d at 118. The court did not address whether exigent circumstances were required before a warrantless search could be made when officers acquired probable cause to believe that contraband existed in a vehicle *after* its lawful stop. Second, the *Kempton* court relied on cases developing federal constitutional law and did not purport to carve out different principles under the Arizona Constitution. *Id.* at 395–97, 803 P.2d at 116–18 ("The starting point of this inquiry is the fourth amendment to the federal constitution."). Third, and finally, although the Supreme Court had decided *Johns* five years earlier, the *Kempton* court did not suggest that the issues resolved in *Johns* would be decided differently under the Arizona Constitution. Indeed, the *Kempton* court did not even cite *Johns*. For these reasons, *Kempton* does not support Reyna's contention that the scope of the automobile exception under Article 2, Section 8 of the Arizona Constitution differs from

that developed under the Fourth Amendment.

¶ 13 Reyna's reliance on *State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1982), is also misplaced. In *Axley*, the police stopped a vehicle matching the description of one involved in a robbery. *Id.* at 385–86, 646 P.2d at 270–71. After stopping the vehicle, the officers searched it and discovered weapons. *Id.* at 389, 646 P.2d at 274. The defendants claimed that the search of the vehicle was illegal because the police did not first obtain a warrant. *Id.* at 390, 646 P.2d at 275. Our supreme court rejected that contention, holding that the automobile exception, as developed under *Carroll*, justified the warrantless search "due to the existence of probable cause plus exigent circumstances." *Id.* Exigent circumstances existed in *Axley* because "police officers would not have been able to detain the vehicle until a warrant issued," presenting a "now or never" situation in light of the car's mobility. *Id.* at 391, 646 P.2d at 276 (citations omitted).

¶ 14 Reyna seizes on the *Axley* court's discussion of "exigent circumstances" as support for his position that Article 2, Section 8 of the Arizona Constitution imposes a separate exigency requirement within the automobile exception. We disagree. The *Axley* court relied exclusively on cases developing search and seizure law under the federal constitution and did not base its decision on any different rights afforded by the Arizona Constitution. *Id.* at 390–91, 646 P.2d at 275–76. Additionally, *Axley* was decided before the Supreme Court's decision in *Johns*. Our supreme court long ago held that Article 2, Section 8 of the Arizona Constitution "is of the same general effect and purpose as the Fourth Amendment" and that the decisions concerning the scope of allowable vehicle searches under the federal constitution are "well on point" in deciding cases under the Arizona Constitution. *Malmin v. State*, 30 Ariz. 258, 261, 246 P. 548, 549 (1926) (holding automobile exception as stated in *Carroll* also reflects Arizona constitutional principles).[5]

---

5. Our supreme court has held that Article 2, Section 8 of the Arizona Constitution provides greater privacy rights in a person's home than the Fourth Amendment. *State v. Bolt*, 142 Ariz.

260, 264–65, 689 P.2d 519, 523–24 (1984) ("While Arizona's constitutional provisions generally were intended to incorporate the federal protections . . . they are specific in preserving the

Therefore, we are confident that if our supreme court today addressed the situation presented in *Axley*, it would dispense with a discussion of exigent circumstances and follow *Johns*.

¶ 15 In light of *Johns*, and perceiving no differing standards under our constitution concerning the automobile exception, we hold that exigent circumstances are not needed to authorize a warrantless search of a vehicle lawfully in police custody when probable cause exists to believe the vehicle contains contraband. Thus, the trial court did not err by denying Reyna's motion to suppress the marijuana evidence merely because Officer Anderson searched the truck after first taking it to the police substation.

## CONCLUSION

¶ 16 For the foregoing reasons, a law enforcement officer can conduct a warrantless search of a vehicle lawfully in custody when the officer has probable cause to believe that the vehicle contains contraband. The Arizona Constitution does not additionally require the existence of exigent circumstances before officers can perform the search. In light of our holding, the trial court did not err by denying Reyna's motion to suppress, and we therefore affirm his convictions and sentences.

CONCURRING: G. MURRAY SNOW and SUSAN A. EHRLICH, Judges.

sanctity of homes and in creating a right of privacy."); *accord State v. Ault*, 150 Ariz. 459, 463, 724 P.2d 545, 549 (1986)(supplemental opinion). Thus, under state law, "officers may not make a warrantless entry of a home in the absence of exigent circumstances or other necessity." *Bolt*, 142 Ariz. at 265, 689 P.2d at 524; *Ault*, 150 Ariz. at 463, 724 P.2d at 549; *State v. Martin*, 139 Ariz. 466, 473–74, 679 P.2d 489, 496–97 (1984). In fashioning this holding, the court recognized its prior holding in *Malmin*. *Martin*, 139 Ariz. at 473–74, 679 P.2d at 496–97. Rather than overrule *Malmin* or otherwise disparage its holding, however, the court distinguished it as applying to vehicle searches. *Id.* Consequently, we do not read the court's decisions concerning home searches as evidencing a state-law departure from Fourth Amendment principles governing vehicle searches.