NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant,*

v.

JAMES ERIC DOTSON, *Appellee.*

No. 1 CA-CR 19-0376
FILED 7-2-2020

Appeal from the Superior Court in Yavapai County
No. P1300CR201801495
The Honorable Patricia A. Trebesch, Judge *Retired*

**REVERSED AND REMANDED**

COUNSEL

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellee*

Yavapai County Attorney's Office, Prescott
By Lewis Andrew Citrenbaum
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

**W E I N Z W E I G**, Judge:

¶1        The State of Arizona appeals the superior court's order granting James Dotson's ("Dotson") motion to suppress.  We reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Two Adult Probation Department ("APD") officers arrived at probationer M.H.'s home near Prescott to conduct an unannounced probation search of the residence.  After admitted into the home, the probation officers found a firearm in the garage.  M.H. was a prohibited possessor.  The officers called for police backup and asked Dotson for identification.  Dotson said his license was inside the black vehicle and opened the car door to retrieve it.  The probation officer smelled a strong marijuana odor coming from inside the vehicle and immediately asked Dotson for consent to search the car.  Dotson refused.

¶3        A pair of sheriff's deputies soon arrived on scene.  The deputies could see inside the open garage from the street.  The probation officers met the deputies outside the garage and reported the marijuana odor coming from the car.  Dotson said the vehicle belonged to his mother's friend and he was having the brakes repaired by M.H., an auto mechanic, at the friend's request.  The vehicle was intact.  All four tires were installed and touching the garage floor.  The hood was down.  The deputies found no warrants for Dotson's arrest, confirmed the vehicle had not been reported stolen and was registered to a third party.

¶4        Unsure about their authority to search the vehicle, the deputies conferred with the probation officers.  The deputies then asked Dotson for consent to search the car, but he refused.  At a crossroads, the probation officer declared the car would be searched under the terms of M.H.'s probation.  The deputies searched the vehicle as the probation officers watched.  Inside the vehicle, the deputies found a box with around fourteen grams of methamphetamine, eight grams of mushrooms, heroin, fentanyl, a methamphetamine pipe and Dotson's credit card.  Dotson was

arrested. Marijuana was found on Dotson during a search incident to arrest.

¶5        Dotson was indicted for two counts of possession or use of narcotic drugs, and single counts for possession of dangerous drugs for sale, possession of drug paraphernalia, possession or use of dangerous drugs, and possession or use of marijuana. Before trial, Dotson moved to suppress all evidence found inside the black vehicle under the exclusionary rule because the deputies never procured a search warrant to search the vehicle. The State countered that no warrant was required under the automobile exception to the warrant requirement. After the suppression hearing, the superior court granted Dotson's motion. The State timely appeals. We have jurisdiction.

**DISCUSSION**

¶6        We review a superior court decision on a motion to suppress for an abuse of discretion, "considering only the evidence presented at the suppression hearing and viewing the facts in a light most favorable to sustaining the trial court's ruling," but we review the court's "ultimate legal determination de novo." *State v. Adair*, 241 Ariz. 58, 60, ¶ 9 (2016).

¶7        The Fourth Amendment protects a person from "unreasonable searches and seizures," U.S. Const. amend. IV, and law enforcement officers are generally required to secure a judicial warrant before conducting a search, *Maryland v. Dyson,* 527 U.S. 465, 466 (1999). A warrantless search may be permissible, however, if it falls under an exception to the warrant requirement. *Riley v. California*, 573 U.S. 373, 382 (2014).

¶8        This case involves two warrantless searches: a probation search and a vehicle search. As a preliminary matter, and assuming without deciding that Dotson had standing to make the argument, Dotson never challenged the probation search as unconstitutional or invalid in his motion to suppress or during the suppression hearing. To the contrary, Dotson conceded that M.H. was a probationer and "recognized" ADP's "right" to conduct a probation search. Dotson instead argued the probation search did not justify the vehicle search. We need not reach that argument, however, because the automobile exception applies to the vehicle search.

*The Automobile Exception*

¶9        The automobile exception allows law enforcement to search "a readily mobile vehicle" when "probable cause exists to believe that the

vehicle contains contraband, even in the absence of exigent circumstances." *State v. Reyna*, 205 Ariz. 374, 375, ¶¶ 1, 5 (App. 2003). The exception aims to resolve the "impracticability of securing a warrant to search a vehicle that could be quickly moved," while recognizing "a lessened expectation of privacy with respect to vehicles." *Id.*

**¶10** We reverse and remand because the automobile exception applied. First, the deputies had probable cause to search the black vehicle. The record shows the probation officers were lawfully present inside M.H.'s garage to conduct a probation search. *See United States v. Hernandez-Mieses*, 931 F.3d 134, 145 (1st Cir. 2019) ("[T]o rely on the automobile exception to search the cargo van, the agents needed a lawful basis for entering the garage."). The probation officers then asked the sheriff's office for back-up after finding a gun in M.H.'s garage because M.H. was a prohibited possessor. Awaiting the deputies, a probation officer asked Dotson for identification. Dotson opened the black vehicle to retrieve his identification. The officer immediately smelled marijuana emanating from inside the car. At that moment, the probation officer had probable cause to believe that the vehicle contained contraband. *Reyna,* 205 Ariz. 374, ¶ 1. The deputies soon arrived. The probation officer shared her basis for probable cause with the deputies, explaining that she smelled marijuana inside the vehicle. The deputies then had probable cause to believe the black vehicle contained contraband and searched it while the probation officers watched. *State v. Cheatham*, 240 Ariz. 1, 3, ¶¶ 8-11 (2016) (the smell of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception). Second, the black vehicle was "readily mobile." The garage door was open. The hood was down. All four tires installed and touching the garage floor. M.H. had finished his brake repairs.

**¶11** The superior court rejected the automobile exception, however, reasoning it was "logistically possible" for law enforcement to secure a warrant, "the vehicle [was] in the garage for purposes of repair" and "the keys [were] nowhere near the vehicle." This was error because "[e]ven in cases where an automobile was not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justifie[s] application of the vehicular exception," *California v. Carney*, 471 U.S. 386, 391 (1985), and "temporary immobility [of a vehicle] due to a readily repairable problem" does not exclude the "vehicle from the category of readily mobile," *United States v. Mercado,* 307 F.3d 1226, 1229 (10th Cir. 2002) (internal quotation marks and citation omitted); *see also State v. Aguayo,* 1 CA-CR 16-0737, 2018 WL 1721035, at *7, ¶ 35 (Ariz. App. April 10, 2018) (mem. decision). Nor are "exigent circumstances needed to

authorize a warrantless search [under the automobile exception]." *Reyna,* 205 Ariz. at 378, ¶ 15. Meanwhile, the record is uncontested that the car keys hung from a lanyard around Dotson's neck.

## CONCLUSION

**¶12** Because the automobile exception applies, we reverse the superior court's suppression order and remand for proceedings consistent with this decision. We need not reach the State's remaining arguments.



AMY M. WOOD • Clerk of the Court
FILED:    AA