NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEITH ALLEN BOWMAN, *Appellant.*

No. 1 CA-CR 21-0403
FILED 7-14-2022

Appeal from the Superior Court in Maricopa County
No.  CR2019-156353-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**H O W E**, Judge:

¶1 Keith Allen Bowman ("Bowman") appeals his conviction and two-year probation sentence for possession or use of a dangerous drug. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 After midnight in October 2018, Officer Brandon Lewis arrested Bowman at the Talking Stick Casino for an outstanding warrant as Bowman emerged from his car. After handcuffing Bowman, Officer Lewis used his flashlight to look in the car's open door and saw a small, folded, white plastic bag sitting on the driver's seat. Although opaque, Officer Lewis could see the bulge of a crystal-like substance in the bag, which he associated—along with the bag's shape—with methamphetamine. He seized it after confirming that it had methamphetamine's rock-like feel.

¶3 Bowman was charged with possession or use of a dangerous drug. He moved to suppress the bag and methamphetamine, arguing that the search and seizure violated the constitutional prohibition against warrantless searches and seizures. At the suppression hearing, Officer Lewis testified that based on his experience investigating drug cases, a small, folded bag containing a bulging rock-like substance was likely methamphetamine or some other illicit substance. The trial court denied the motion to suppress, finding Officer Lewis's search fell within the plain-view exception to the warrant requirement. A jury convicted Bowman for possession or use of a dangerous drug. Bowman timely appealed.

## DISCUSSION

¶4 Bowman appeals the trial court's ruling that the plain-view exception to the warrant requirement applied to the bag of methamphetamine. Considering only the evidence at the suppression hearing, this court reviews the denial of a motion to suppress for an abuse of discretion and will only reverse for clear error. *State v. Cornman*, 237 Ariz.

350, 354 ¶ 10 (App. 2015). This court reviews de novo the trial court's legal conclusions, however. *State v. Mitchell*, 234 Ariz. 410, 413 ¶ 11 (App. 2014).

¶5         Prohibiting "unreasonable searches and seizures," the Fourth Amendment to the United States Constitution provides that "no warrants shall issue, but upon probable cause." *See also* Ariz. Const. art. 2 § 8; A.R.S. § 13–3913. Probable cause exists when facts and observed behaviors would cause a reasonable person to believe that contraband or evidence of a crime is present. *State v. Sisco*, 239 Ariz. 532, 535–36 ¶¶ 8, 15–16 (2016). The facts must be seen and weighed as "understood by those versed in the field of law enforcement," *United States v. Cortez*, 449 U.S. 411, 417–18 (1981), based on their law enforcement experiences, *State v. Ahumada*, 225 Ariz. 544, 549 ¶ 18 (App. 2010).

¶6         While searches and seizures generally require warrants, *e.g.*, *State v. Cheatham*, 240 Ariz. 1, 2 ¶ 7 (2016), a warrantless seizure will still be considered reasonable under the "plain view doctrine," *Minnesota v. Dickerson*, 508 U.S. 366, 372, 374–75 (1993). The plain-view doctrine permits an officer to seize an object without a warrant when (1) they are in a lawful position to view it, (2) the object's "incriminating character is immediately apparent," and (3) the officer has a lawful right to access it. *Sisco*, 239 Ariz. at 535–36 ¶ 11. The "immediately apparent" standard is synonymous with probable cause. *Id.* at 536 ¶ 12.

¶7         The trial court did not err in finding all three requirements of the plain-view doctrine met. First, Officer Lewis lawfully stood outside Bowman's car while arresting him. Second, the bag's incriminating character was immediately apparent to him based on his law enforcement experience that the bulge in the folded and distinctly shaped baggie contained methamphetamine. *Id.* at 536 ¶ 12. Last, because the automobile exception permits police to lawfully enter a vehicle without a warrant if probable cause exists to believe that the vehicle contains contraband, *see, e.g.*, *State v. Reyna*, 205 Ariz. 374, 375 ¶ 5 (App. 2003) (automobile exception applying to vehicles in a parking lot); *Cheatham*, 240 Ariz. at 2 ¶ 7 (marijuana odor sufficient for warrantless search under automobile exception), Officer Lewis had a lawful right to enter Bowman's car and seize the methamphetamine bag that was in plain view, *Sisco*, 239 Ariz. at 536 ¶ 12.

¶8         Bowman argues, however, that Officer Lewis did not have probable cause to believe that methamphetamine was inside the bag and therefore could not search his car until after Officer Lewis had seized the bag and felt the rock-like substance. Citing out-of-state authority, he claims that because plastic bags have both lawful and unlawful purposes, *see*

*Commonwealth v. Rivera*, 534 N.E.2d 24, 25 n.3 (Mass. App. 1989), possession is not per se incriminating and does not support a probable cause finding, *State v. Hughes*, 532 P.2d 818, 822 (Or. App. 1975). He analogizes this case to *Ex parte Tucker*, in which the Alabama Supreme Court suppressed evidence from a multi-use object's search and seizure. 667 So.2d 1339 (Ala. 1995). But *Ex parte Tucker* is substantively distinguishable from these facts and unpersuasive. In *Ex parte Tucker*, the police seized a film cannister which was found to contain marijuana. *Id*. at 1347. The film cannister was not manipulated and retained the same form as it would have for its lawful use. *Id*. Thus, the Alabama court found that although the film canister was often used to house drugs and was found in a high drug-use area, such facts alone did not provide a basis for probable cause. *Id*.

¶9 Unlike in *Ex parte Tucker*, however, Officer Lewis did not merely identify an unmanipulated multi-purpose object often associated with drug use. Rather, he looked at how the plastic bag had been manipulated—i.e., how it was folded—and the bulge it contained to conclude based on his law enforcement experience that the bag contained an illicit substance. Reliance on how a multi-use object has been manipulated has long been found to support a finding of probable cause. In *Texas v. Brown*, the Supreme Court found that an individual's manipulation of an "opaque, green party balloon, knotted about one half inch from the tip," 460 U.S. 730, 733 (1983), provided probable cause to believe the balloon contained an illicit substance due to the "distinctive character of the balloon [. . .] particularly to the trained eye of the officer," *id*. at 742–43. In *State v. Garcia*, an officer found two small pieces of paper on a defendant—one of them was crumpled up, "while the other paper was neatly folded into the shape of a very small envelope." 162 Ariz. 471, 472 (App. 1989). This court found that the officer's training and experience made it "apparent to the officer that the envelope contained drugs," *id*. at 474, and although the officer could not have known for certain that the envelope contained drugs, he did have probable cause to search the envelope, *id*. Similarly, Officer Lewis's training made it apparent to him that because of how the bag was folded around a bulge that the bulge was methamphetamine. He therefore had probable cause to search the bag. *Id*.; *Reyna*, 205 Ariz. at 375 ¶ 5.

**CONCLUSION**

¶10         For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA