NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID SAMUAL LOWE, *Appellant.*

No. 1 CA-CR 25-0033

FILED 01-30-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202301002
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Winkley Law Firm, PLLC, Florence
By Katherine A. Winkley
*Counsel for Appellant*

David S. Lowe, Camp Verde
*Appellant*

## MEMORANDUM DECISION

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

**W E I N Z W E I G**, Vice Chief Judge:

¶1        David Samuel Lowe appeals his convictions and sentences for possession or use of dangerous drugs, possession of drug paraphernalia, driving or actual physical control while under the influence of intoxicating liquor or drugs, and driving or actual physical control with any drug or its metabolite in the body.  After searching the record and finding no arguable, non-frivolous question of law, Lowe's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error.  Lowe filed a supplemental brief.  After reviewing the record, we affirm Lowe's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶2        We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Lowe.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        While patrolling Whiskey Row in September 2023, Prescott police officers noticed a woman hanging onto a car as it drove away.  The officers stopped the car.  Lowe was the driver.  His eyes were bloodshot and his pupils dilated, so the officers conducted a standardized field sobriety test, which Lowe failed.  He was arrested on suspicion of endangerment and driving while intoxicated.

¶4        Following the arrest, Lowe's blood was drawn.  It tested positive for THC, amphetamine, cocaine and methamphetamine.  After impounding Lowe's car, the police found methamphetamine, heroin and marijuana inside.

¶5        Before trial, the superior court found the police officers had reasonable suspicion to stop and search the car.  The jury found Lowe guilty of four counts: possession or use of dangerous drugs (methamphetamine), possession of drug paraphernalia, driving or actual physical control while

driving under the influence, and driving or actual physical control with any drug or its metabolite in the body. The court dismissed the charge of possession or use of narcotic drugs. Lowe was sentenced to time served and supervised probation for 4 years. He timely appealed. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶6      We have read and considered counsel's brief and Lowe's supplemental brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶7      Lowe filed a supplemental brief arguing the police lacked probable cause to arrest him. We review that issue de novo but defer to the superior court's findings of fact. *State v. Blackmore*, 186 Ariz. 630, 632 (1996). "Probable cause exists when the facts known to a police officer 'would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present.'" *State v. Duncan*, 257 Ariz. 360, 376, ¶ 54 (App. 2024) (citation omitted). We see no error. The police officers stopped Lowe after witnessing him drive away with a woman hanging from his car. After the stop, the officers observed classic signs of intoxication and performed a field sobriety test, which Lowe failed. Thus, the officers had probable cause to arrest Lowe on suspicion of driving under the influence.

¶8      Lowe argues his car was illegally searched. We disagree. Police officers can search a car lawfully in their custody if probable cause exists to believe the car has contraband. *State v. Reyna*, 205 Ariz. 374, 374, ¶ 1 (App. 2003) (explaining the "automobile exception" to the Fourth Amendment warrant requirement). The officers arrested Lowe after he failed the field sobriety test. Lowe relies on *Florida v. Wells*, 495 U.S. 1 (1990), but it does not support his argument. There, the police opened a locked suitcase contained inside the car during an inventory search. *Id.* at 2. Here, the drugs were in clear containers, such as a syringe and a clear plastic tray-style container. *See In re One 1965 Econoline*, 109 Ariz. 433, 436 (1973) (holding that an inventory search of a vehicle for items in plain view and within a satchel was reasonable).

¶9      Last, Lowe argues that the superior court deprived him of due process by giving only 20 minutes to cross-examine the arresting officer. "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979). Our review of the record shows that Lowe was given meaningful time. The court allowed Lowe to cross-examine the officer for

over an hour and a half, giving him multiple warnings and reminders of his time, and Lowe did complete his questioning. Thus, the court afforded Lowe sufficient due process.

**¶10** Lowe was present at all stages of the proceedings against him. He voluntarily waived his right to an attorney. The record reflects the superior court afforded Lowe all his constitutional and statutory rights and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings. The evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Lowe's sentences fall within the lawful range, with sufficient credit given for presentence incarceration.

## CONCLUSION

**¶11** Lowe's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Lowe is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Lowe has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR