NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARK ANDREW DUDLEY, *Petitioner*.

No. 1 CA-CR 25-0452 PRPC

FILED 06-09-2026

Petition for Review from the Superior Court in Yavapai County
No. V1300CR202080703
The Honorable Krista M. Carman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Alex J. Toth
*Counsel for Respondent*

Mark Andrew Dudley, Globe
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass, Judge Anni Hill Foster, and Judge D. Andrew Gaona delivered the decision of the court.

---

**PER CURIAM:**

**¶1** Petitioner Mark Andrew Dudley seeks review of the superior court's order summarily dismissing his Petition for Post-Conviction Relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32. This Court has considered the petition for review and, for the reasons stated, grants review and denies relief.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** A jury convicted Dudley of driving or actual physical control while under the influence and while his license was revoked (Count 1). The jury also convicted him of aggravated actual physical control with an alcohol concentration of 0.08 or above while his license was revoked (Count 2). The superior court imposed a 52-day jail term for Count 1 and a mitigated six-year prison term for Count 2 to run concurrently. It also awarded 52 days of presentence incarceration credit. This Court affirmed Dudley's convictions and sentences on appeal. *State v. Dudley*, 1 CA-CR 22-0456, 2024 WL 630665 (Ariz. App. Feb. 15, 2024) (mem. decision).

**¶3** Dudley then filed a PCR petition raising claims of ineffective assistance of counsel ("IAC") during plea negotiations and trial. He asserted his counsel did not adequately communicate the State's first plea offer, alleging it was conveyed by phone and he never saw it in writing. He also claimed he did not receive disclosure or have an opportunity to review the evidence before rejecting the plea. Dudley alleged that the officers' initial approach to his car and the subsequent search were unlawful and that counsel failed to challenge the legality of either action.

**¶4** The superior court denied Dudley's petition, finding he failed to show counsel's conduct fell below the objective standards of reasonableness. The court also found the State had sent disclosure to defense counsel before the hearing at which Dudley rejected the plea and Dudley rejected other offers even after receiving additional disclosure. But

the superior court did not address Dudley's arguments regarding the police stop and search.

**¶5**        Dudley petitioned for review of the superior court's ruling. This Court grants review under Article 6, Section 9 of the Arizona Constitution, A.R.S. § 13-4239(C) and Rule 32.16.

## DISCUSSION

**¶6**        This Court reviews the superior court's PCR rulings for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). This Court will affirm the superior court's ruling "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶7**        On review, Dudley argues the superior court erred in dismissing his IAC claims. He must demonstrate "that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *Bigger*, 251 Ariz. at 407, ¶ 8 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). Under the first prong, this Court "must presume counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy." *State v. Denz*, 232 Ariz. 441, 444, ¶ 7 (App. 2013) (quotations omitted).

**¶8**        When the State "engages in plea bargaining, the defendant has a Sixth Amendment right to be adequately informed of the consequences before deciding whether to accept or reject the offer." *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000). To demonstrate that counsel performed deficiently during plea negotiations, Dudley must show counsel "either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *Id.* at ¶ 16; *see also State v. Anderson*, 257 Ariz. 226, 233, ¶ 28 (2024). This Court considers, "in light of all the circumstances, whether counsel's performance was reasonable under prevailing professional norms." *Bigger*, 251 Ariz. at 407, ¶ 8 (quoting *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 5 (2017)). To show prejudice, Dudley must demonstrate it is reasonably probable that the outcome would have been different, that is, he must show he probably would have accepted the State's offer absent his attorney's deficient advice. *See Donald*, 198 Ariz. at 414, ¶ 20.

**¶9**        Dudley first argues his counsel provided no advice regarding the State's first two plea offers. The record shows the State made three plea offers, each of which Dudley rejected at pretrial conferences. A December 29, 2020 minute entry shows defense counsel advised the court that Dudley rejected the first plea offer and requested that arraignment be set. A March 8, 2021 minute entry shows Dudley rejected the second plea offer. Finally, the August 4, 2021 minute entry shows Dudley was provided with a copy of the plea agreement in open court and given time to speak with his counsel but rejected the plea offer and requested to proceed to trial. The record refutes his claims that the plea agreements were only offered orally.

**¶10**        Dudley provides no evidence to show that counsel failed to advise him on any of the plea offers. *See State v. Bowers*, 192 Ariz. 419, 425, ¶ 25 (App. 1998) (mere generalizations and unsubstantiated claims do not create a colorable IAC claim); *see also Donald*, 198 Ariz. at 414, ¶ 21 (to warrant evidentiary hearing, Rule 32 claim "must consist of more than conclusory assertions"). He rejected all three offers in open court and fails to show a reasonable probability that he would have accepted any of them but for counsel's alleged lack of advice. On this record, there is no evidence that the superior court abused its discretion in dismissing Dudley's claim.

**¶11**        Dudley also argues counsel was ineffective for not challenging the legality of the police encounter, questioning and search. He asserts that because the 911 call that prompted the law enforcement contact was not admitted into evidence, his counsel should have moved to exclude any reference to it. Even though the superior court did not address the issue, this Court affirms because the dismissal was appropriate. *See Roseberry*, 237 Ariz. at 508, ¶ 7.

**¶12**        To state a colorable IAC claim under the Fourth Amendment, the defendant must show "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *State v. Reasoner*, 154 Ariz. 377, 382–83 (App. 1987) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

**¶13**        Dudley fails to show his claim is meritorious. Police reasonably conducted a welfare check based on a call from a couple whose vehicle Dudley blocked with his truck. Upon arrival, officers found Dudley asleep in the driver's seat with the ignition on, the transmission in drive and his foot on the brake. They assisted Dudley out of his running vehicle. *See State v. Organ*, 225 Ariz. 43, 47, ¶¶ 17–18 (App. 2010) (community-caretaker function includes checking on motorists who appear to be stranded). In

4

doing so, officers noticed a "strong odor of alcohol" coming from Dudley and his car. Once officers smelled alcohol and saw signs of impairment, probable cause existed to arrest him. *See State v. Moran*, 232 Ariz. 528, 532, ¶ 10 (App. 2013) (probable cause exists "when reasonably trustworthy information and circumstance would lead a person of reasonable caution to believe that a suspect has committed an offense").

**¶14** Dudley refused law enforcement's request to perform field-sobriety tests, and he was arrested on suspicion of driving under the influence ("DUI"). Following the arrest, officers searched the truck and found a half-empty beer and a large knife. Officers lawfully searched the vehicle under the automobile exception because they had probable cause to believe it contained evidence of DUI. *State v. Reyna*, 205 Ariz. 374, 374, ¶ 1 (App. 2003). Officers then brought Dudley to the police station, where he completed two breathalyzer tests showing a blood alcohol concentration of .120 and .112.

**¶15** Dudley cannot show that the court would have sustained an objection to the foundation of the 911 call because the couple testified they called the police for assistance. Similarly, even if he had challenged other actions of the officers, the record does not support that Dudley would have succeeded in suppressing the evidence. Dudley thus fails to establish his IAC claim.

## CONCLUSION

**¶16** This Court grants review and denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

5